## M. H. GIBSON *v.* LOCK & SMITH ET AL.

1. ATTACHMENT FOR RENT. *Property claimed by third person. Remedy.*
   The common-law rule that all personal property found on demised premises is liable to be distrained for rent, has been changed by sect. 1631 of the Code of

1871; but if the owner of such property would avail himself of the benefit of the exemption therein created, he must replevy it before it is sold under the distress-warrant, and he has no other remedy.

2. SAME. *Indemnifying bond. Action thereon.*

In a case of attachment for rent, the sheriff to whom the writ is directed cannot, before making a levy upon personal property found on the demised premises, demand of the plaintiff an indemnifying bond; and if such bond be given, it is voluntary and void, and will not support an action by a third person claiming to have owned the property levied upon.

ERROR to the Circuit Court of Leflore County.

Hon. WILLIAM COTHRAN, Judge.

The case is stated in the opinion of the court.

*Helm & Kimbrough*, for the plaintiff in error.

Sect. 1631 of the Code of 1871 refers alone to the means for obtaining possession of the attached property; it does not impair any other remedy.

Sect. 1438 authorizes the sheriff to demand bonds of indemnity, to save him harmless, whenever *any* writ of attachment is placed in his hands. No distinction is made between the various writs; it says any writ of attachment.

Under sect. 1631 we find a remedy for recovering the possession of specific property; it is a possessory remedy alone.

Under sect. 1438, and indeed without and independent of it, the party aggrieved can sue the sheriff for damages, and he must protect himself by an indemnity; and if he does so protect himself, he can be forced to sue for the use of the party aggrieved. It cannot be questioned that the sheriff was authorized to demand the bond when he was directed to attach or levy on chattels, the property in which was questionable. See *Forniquet* v. *Tegarden*, 2 Cushm. 96.

*L. P. Yerger*, for the defendants in error.

1. The sheriff had no authority to take or demand the bond sued on. Sects. 844, 845, Code of 1871, do not apply to distress-warrants or attachments for rent. 5 How. 572; 23 Miss. 186; 53 Miss. 88.

2. The bond sued on was extorted by the sheriff unlawfully, *colore officii*, was without consideration, and is void. 19

Johns. 233 ; 6 How. 285 ; 13 Smed. and M. 431 ; 1 Geo. 626.

3. The provisions of sect. 1631, Code of 1871, were disregarded by the claimant.    54 Miss. 497 ; 53 Miss. 88.

*T. C. Catchings*, on the same side.

Sect. 1631 is to be construed as though it read, " No goods or chattels found or being in or upon demised premises, and not belonging to the tenants, or to some person bound or liable for the rent of said premises, shall be liable to be distrained for the said rent ;    *    *    *    but such goods and chattels shall be liable to be distrained for the said rent unless claimed by a writ of replevin, sued out and levied before the sale of such property under the distress," etc., etc.    There is no authority for the bond given.    The provisions of sects. 844 *et seq.* and 1438 neither apply to attachments for rent, nor does any other statute authorize the sheriff, in attachments for rent, to demand an indemnifying bond.    All property on demised premises is *prima facie* liable for rent, and the officer may seize it.    If its liability is denied, the question can only be raised by replevin, under sect. 1631.

GEORGE, J., delivered the opinion of the court.

Lock & Smith sued out a distress for rent against L. Z. Gibson, their tenant, and the same was levied on some personal property on the demised premises.    The sheriff demanded an indemnifying bond from Lock & Smith, which was given.    The property was sold by the sheriff, and the proceeds applied to the payment of the rent.    The plaintiff in error, the wife of said tenant, brought this action on the indemnifying bond, claiming that she was the owner of the property thus seized and sold, and seeking a recovery of its value. A demurrer was sustained to the declaration, and we think properly.    At common law, all personal property present on the demised premises was liable to be distrained for the rent. This rule has been changed by sect. 1631 of the Code of 1871 ; but in exempting property found on the demised premises, belonging to others, who are not liable for rent, the

statute expressly provides that the owner of such property shall not have the benefit of the exemption unless he will replevy the property, as provided for in the statute, before it is sold under the distress-warrant. We have heretofore held that such owner had no other remedy than replevin. *Kendrick* v. *Watson*, 54 Miss. 495. The sheriff, therefore, had no right to demand the indemnifying bond, and it was voluntary and void. To allow the alleged owner to recover in this action would be to give a remedy which is expressly denied by the statute. The policy of the statute is to exempt property of others found on the demised premises from seizure and sale for the rent, and at the same time require the owner to interpose his claim before sale, so that the landlord may have the opportunity of seizing other property for his rent.

The judgment is affirmed.