BRUNSWICK-BALKE-COLLENDER COMPANY *v.* HIRAM P. MURPHY, ET AL.

[42 South. Rep., 288.]

1. LANDLORD AND TENANT. *Lien. Mortgaged property. Laws* 1894, *ch.* 52, *p.* 44. *Process.*

A landlord has no lien or claim for rent, as against the mortgagee, upon property mortgaged by the tenant and subsequently brought upon the leased premises; and payment or tender of unpaid rent is not a condition precedent to a seizure of the property for enforcement of the mortgage, under Laws 1894, ch. 52, p. 44, providing that chattels on leased tenements shall not be liable to be taken under process unless upon payment or tender of unpaid rent.

2. SAME. *Warehouseman's lien.*

A landlord does not acquire a warehouseman's lien for rent of premises by notifying a mortgagee of property placed therein by his tenant, the mortgagor, that the mortgagor has abandoned his lease and the property and that he will hold the mortgagee for rent until the removal of the property.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

The Brunswick-Balke-Collender Company, a corporation, the appellant, was plaintiff in the court below; the Morley Shoe

Company, the appellees, and one Murphy were defendants there. From a judgment in favor of the Morley Shoe Company the plaintiff appealed to the supreme court.

The suit was a replevin for personal property which the plaintiff had sold to defendant Murphy, and which the latter had placed upon premises leased by him from the Morley Shoe Company. The defendants, the Morley Shoe Company, claimed that the property was liable for rent due them by Murphy, and for storage charges. The facts were in substance these: Murphy purchased on credit from the Brunswick-Balke-Collender Company, the appellant, certain pool tables and appurtenances, and, to evidence the purchase price, executed to appellant several promissory notes, maturing monthly in a consecutive series, and secured the same by a chattel mortgage upon the property. The mortgage stipulated that on default in payment of any note all unpaid notes of the series should become due, and that appellant, in such event, would have the right to immediate and exclusive possession of the property for purposes of foreclosure. The mortgage was duly recorded. Murphy leased rooms in Vicksburg from the Morley Shoe Company, at a rental of $30 per month, and placed the property therein, where for a short while he conducted business. After paying several months' rent and two of the purchase-money notes, Murphy left for parts unknown, without notice either to the mortgagee or his landlord, failing to make provision for future rent of the rooms or for storage of the mortgaged property. The Morley Shoe Company, in writing, promptly notified appellant of Murphy's departure, and that they would expect it to pay the monthly rent until the property was removed from the premises, and, in addition, mailed monthly to appellant bills for rent of the premises; to all of which appellant made no reply. Subsequently, when appellant demanded the property, the Morley Shoe Company refused to deliver the same, demanding that three months' rent, due under their lease to Murphy, should be paid them.

Appellant refused to pay anything and instituted this suit. Defendants having failed to give bond, plaintiff did so and took possession of the property, and in due course foreclosed the mortgage, buying in the property for a sum less than the balance of the purchase money due. Plaintiff, the Brunswick-Balke-Collender Company, paid the rent from the beginning of the suit until the property was removed from the leased premises. On the trial in the court below the appellees, the Morley Shoe Company, were awarded the property unless $90 claimed for rent should be paid them by appellant.

Chapter 52, p. 44, Laws 1894, referred to in the opinion, provides that: "No goods or chattels, lying or being in or upon any messuage, lands or tenements, leased or rented for life, years, at will, or otherwise, shall, at any time, be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or other process paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process."

*Brunini & Hirsch,* for appellant.

Appellees relied upon Laws 1894, ch. 52, in the court below, as showing their right as landlords to hold the mortgaged property for the $90 rent. This was error. *Marye* v. *Dyche,* 42 Miss., 347; *Stamps* v. *Gillman,* 43 Miss., 457; *Newman* v. *Greenville Bank,* 66 Miss., 323.

Although the decision in *Marye* v. *Dyche* is based on Code 1857, art. 288, the act of 1894 is the more accurately and explic-

itly drawn of the two statutes.    The present statute, Laws 1894, ch. 52, was intended to affect only property of tenants, and not to include property of third persons found upon the leased premises; nor was it intended to affect the property of tenants upon which there is a mortgage operating as a paramount lien.

The statute does not require a third person to pay to the landlord whatever rent the tenant may owe, before he may recover his property carried by the tenant upon the leased premises. Were such the case, it would be hazardous to sell property on credit, or have credit dealings with anyone.

Nor can the mere notification of appellant by appellees that they would hold it liable for the rent due by Murphy, and the silence of appellant, make it or its property liable to appellees. No relations of liability, contractual or otherwise, existed between appellant and appellee.    Both were merely creditors of Murphy, appellant by reason of the recorded mortgage, and appellees because of the unpaid rent.    And appellant's claim upon the property in question, its lien, was prior to any claim of appellee.    18 Am. & Eng. Ency. Law (2d ed.), 337.    Appellees, having knowledge of the mortgage as soon as it was recorded, should have notified appellant, the mortgagee, as soon as the property was carried upon the leased premises, that if at any time Murphy, the tenant, failed to pay his rent, they would look to appellant and the mortgaged property on the leased premises for rent, or at least for storage.

It was in appellees' power to sue out attachment for rent and. sell the property, subject to the mortgage, or to evict the tenant; for the title to the property was in Murphy subject to the mortgage, and Murphy's interest therein could have been subjected. Not until after appellant proceeded to foreclose did it have or assume control of the property; and, until that time, was accordingly in no way liable to appellees.    And as regards the period from foreclosure to removal of the property from the premises, no question can, of course, arise, because appellant

paid appellees rent for such time. Thus no liability whatever existed toward appellees at the time of trial.

Nor can appellees hold the property for storage charges or under a warehouseman's lien. There was no agreement, express or implied, to such end between appellant and appellees. And in the absence of agreement, a lien for storage can be claimed only by public warehousemen, and not by mere volunteers like appellees. 30 Am. & Eng. Ency. Law. (2d ed.), 63.

The case of *Schneider* v. *Dayton,* 111 Mich., 39, cited by appellees, has no application to the case here, because the facts were entirely different.

*Anderson & Voller,* for appellees.

That the appellees had a statutory right, under Laws 1894, ch. 52, to retain possession of the mortgaged property until their rent claim of $90 for the leased premises was paid, is self-evident on reading pp. 44, 45 thereof. The two cases of *Marye* v. *Dyche,* 42 Miss., 347, and *Stamps* v. *Gillman,* 43 Miss., 457, cited by appellant, are not authoritative. The case last cited is based upon the authority of the first, and the first will not be held authoritative because the decision therein is based upon Code 1857, art. 288, p. 531, limiting the landlord's right against property in his tenant's hands solely to proceedings where the goods were sought to be taken under "execution." But Laws 1894, ch. 42, pp. 44, 45, make the landlord's remedy effectual against not only "execution," but any process whatever.

But if we are mistaken in the above view as to application of Laws 1894, we still contend that appellees were entitled to hold the property on account of storage charges. There is no dispute as to the reasonableness of the charge of $30 per month for the three months' period. While it is true that 30 Am. & Eng. Ency. Law (2d ed.), 63, cited by appellant, states that, in the absence of agreement or statute, the lien upon goods for storage charges extends only to cases of those engaged in the business of public warehousemen, and not to mere volunteers,

or cases of private storage or gratuitous bailment, yet, appellant is liable because there was an implied agreement on its part to pay storage charges. Appellees promptly notified appellant of Murphy's departure, and that they would hold it liable while the property remained on the premises, and appellant thereafter allowed the property to remain; this made a contract for storage by implication. Appellees certainly had a right to be paid for the service rendered appellant, no matter whether it be called rent or storage charge. Where a tenant leaves goods upon leased premises, and the landlord notifies the parties interested that he will claim a lien for storage, if the goods are not removed, he is entitled to such lien, as against the tenant, upon failure to remove, although not a statutory warehouseman. *Schneider* v. *Dayton,* 111 Mich., 396 (69 N. W. Rep., 829; 30 Am. & Eng. Ency. Law [2d ed.], 63, bottom of note 8).

WHITFIELD, C. J., delivered the opinion of the court.

Chapter 52, pp. 44, 45, Laws 1894, has already, in *Gardiner* v. *Tebault,* No. 12,062 (not reported),* been construed by us as not subjecting the property of third persons on leased premises to liability for rent. There was no warehouseman's lien in this case, and no implied lien as against the mortgagee, who was not the owner of the property. The facts in the case of *Schneider* v. *Dayton,* 111 Mich., 396 (69 N. W. Rep., 829), make that a very different case from this.

*Reversed and remanded.*

_____
*Affirmed without written opinion.