Shuler et al. v. L. Grunewald Company Limited.

[74 South. 659, Division B.]

Landlord and Tenant. *Seizure for rent of property of another. Remedy of owner.*

   Prior to the Code 1892, sections 2529-2530, persons claiming title to property distrained for rent were confined to the remedy provided by the statute; in other words, the only remedy was prescribed by the statute, and unless the claimant propounded his claim in the manner prescribed by the statute, he would lose his property, the statutory remedy was exclusive but since Code 1892, sections 2529-2530 and under Code 1906, section 2868 the claimant can pursue the remedy provided under these sections or he can claim the property by any other remedy known to the law, as by replevin against the purchaser at the sale under the attachment.

Appeal from the circuit court of Leflore county.
Hon. F. E. Everett, Judge.

Replevin by L. Grunewald Company Limited, against T. S. Shuler and others. From a judgment for plaintiff, defendants appeal.

The facts are fully stated in the opinion of the court.

*Lomax & Tyson,* for appellants.

Whether or not the law of Mississippi, prescribing the remedy to be pursued by a third party owning property on rented premises as it exists now, under section 2868 of the Code of 1906 (which is identical with section 2530 of the Code of 1892 is the same as it was when section 1631 of the Code of 1871 and section 1317 of the Code of 1880 were operative.)

The contention below, of the appellee Piano Company, and which contention was sustained by the trial judge, was that the law of Mississippi on this point

as incorporated in section 2868 of the code of 1906, is
not what it was under section 1631 of the Code of
1871 and section 1317 of the Code of 1880, in that
under said section of the Code of 1906, the remedy set
out therein is not an exclusive one as was the remedy
set out in said sections of the Codes of 1871 and 1880;
and that the third party owner of property or rented
premises can under said section 2868 of the Code of
1906, pursue any remedy he desired, such as for in-
stance in the case at bar, which is a replevin suit
brought by the appellee Piano Company for the posses-
sion of the piano involved, against appellant Shuler,
who was the purchaser of the said piano at a sale duly
and properly made under attachment proceedings in
which said piano had been seized and sold. This con-
tention of the appellee is based upon the proposition
that the change of phraseology, relative to the remedy
of a third person owning property on the rented prem-
ises, from that used in said sections of the Codes of 1871
and 1880 to that phraseology used in section 2530 of the
Code of 1892 in which section the change of phraseology
was first made, indicated an intention on the part of the
legislature to afford any and all remedies to such
third party, and that such change of phraseology ef-
fectuated such intention of the legislature by giving
remedies to such third party, other than the one
specified, in all the above cited statutes.

The language of section 1631 of the Code of 1871,
and section 1317 of the Code of 1880 after specifying
that the property of the third person on rented premises
shall not be liable for rent, is as follows in prescribing
the remedy: "And no persons claiming title to prop-
erty distrained for rent shall, in any manner avail
himself of the provisions of this section, unless by mak-
ing and filing an affidavit that the goods and chattels
distrained are his property, and not the property of
his tenant."

The language of section 2530 of the Code of 1892 (the section in which the change of phraseology took place) and the language of section 2868 of the Code of 1906, after stating that the third person on rented premises shall not be liable for rent, says in regard to the remedy to be pursued: "When any person other than the tenant shall claim to the owner of any property distrained or seized for rent or supplies, or either, he may make affidavit that the property is his and not the property of the tenant." The change in phraseology made by section 2530 of the Code of 1892 is shown by the above quotations.

Our contention below was, and is here, that the law of Mississippi in relation to the remedy to be pursued by a third party, owning property on the rented premises, is, under section 2868 of the Code of 1906, identical with what the law of Mississippi was under section 1631 of the Code of 1871, and section 1317 of the Code of 1880, and that the remedy set out in section 2868 of the Code of 1906 is one that is exclusive; and that the appellee Piano Company having failed to pursue such remedy, cannot maintain the suit of replevin he brought in this case against appellant Shuler, after the attachment for rent proceedings had been completed and consummated by the sale of the piano involved, to said Shuler, we base our contention that the law on this point is the same under section 2530 of the Code of 1892 and section 2868 of the Code of 1906 as it was under section 1641 of the code of 1871 and section 1317 of the Code of 1880, upon the three following propositions, to wit:

First: That the intention of the legislature in enacting the present statute, as set out in section 2530 of the Code of 1892; cannot be sought by consulting the provisions of the Codes of 1871 and 1880 on the subject, because the present statute 2530 of Code 1892, which is the same as section 2868 of Code 1906 is plain and unambiguous standing alone and on its face and to

consult the provisions of the Codes of 1871 and 1880 on this subject would be to create and not explain an ambiguity, and thereby would be contravening a cardinal rule of construction laid down by all courts on the interpretation of a meaning of the statute. *Maxcy* v. *White,* 53 Miss. 80; *Kiser* v. *Middleton,* 61 Miss. 360; 36 Cyc., 1146, 26 A. & E., 598; *United States* v. *Bowen,* 25 L. Ed. (U. S.), 631; *Hamilton* v. *Rathbone,* 44 L. Ed. 219; *Koch* v. *Bridges,* 45 Miss. 247-259-260; *Smith* v. *State,* 99 Miss. 859.

Second: In further support of our contention we present a second proposition, that even if the Codes of 1871 and 1880 relative to the remedy of third party, may be consulted in order to interpret the meaning of section 2868 of the Code of 1906, that there is nothing in the change in the phraseology made to indicate any intention on the part of the legislature to give to a third person owning property on rented premises, any remedy, or remedies, additional to the one set out in all of said Codes. *Maxey* v. *White,* 53 Miss. 80; *Kiser* v. *Middleton,* 61 Miss. 360; *Pollard* v. *Bailey,* 22 L. Ed. 376; *Barnes* v. *Thompson.* 32 Tenn. 185; 36 Cyc., 1168; 26 A. & E. 651; 36 Cyc., 1165-1166-1168; *United States Land Co.* v. *Sullivan,* 22 Ann. Cases 51; *Fuller* v. *American Supply Co.,* 64 So. 549; *Lindsey* v. *United States Loan Co.,* 51 L. R. A. 393.

Third: We submit as a third proposition that even if it was the intention of the legislature, by the change of phraseology made in relation to this subject, in section 2530 of the Code of 1892, to give a remedy or remedies to the third party owning property on the rented premises other than the remedy set out therein, that nevertheless there can exist no other remedies than the one set therein for the reason that such intention of the legislature could not be effectuated by such a change in phraseology. 36 Cyc., 1122, 26 A. & E., 604-

605. We therefore, respectfully submit that, under section 2868 of the Code of 1906, this case should be reversed and judgment be rendered here on the agreed statement of facts, in favor of the appellant, T. S. Shuler, who became the purchaser at a sale, duly and properly made, under a proceeding for attachment for rent, of the piano involved in this replevin suit.

*Whittington & Osborne,* for appellee.

It is our contention, which contention was adopted by the court below, that by the adoption of sections 2529 and 2530 of the Code of 1892, section 1317 of the Code of 1880 was materially revised for an express purpose, and that purpose was, first, to declare as a positive, substantive rule of law that property of third parties on leased premises should not in any case, be liable to be seized and sold for rent under an attachment by the landlord against his tenant, unless such third party was in some way bound for the payment of the rent, and this rule of law having been adopted and declared by section 2529 of the Code of 1892, it was the further intention of the legislature, by adopting section 2530 of the Code of 1892, to provide a mode and method by which claims of third parties to property levied on under an attachment for rent might be tried and settled in the same proceeding, should the third party have notice of same and desire to present his claim to his property in the attachment proceeding, and while the property should be still in the hands of the officer.

The appellant seeks to hinge this case upon the construction of the terms "may" and "shall," and argues that the change of the word "shall" to "may" was the only real change in the law by the adoption of the Code of 1892, and that such change is not material. It seems to us that one has but to read section 1317 of the Code of 1880 and sections 2529 and 2530 of the Code of 1892 to ascertain that there was a material amendment and revision of this law, and that this change consists

not only in using the word "may" for "shall" but in a radical revision of the meaning and effect of the entire statute on the subject. Let us see what material amendments and alteration were made.

We first call attention to the fact that section 2529 of the Code of 1892, as a separate and distinct statute, was not contained in the Code of 1880. We next call attention to the fact that until the adoption of the Code of 1892 the law relating to claims of third parties to property levied on under attachments for rent, was contained in section 1317 of the Code of 1880, which begins by exempting chattels found on the demised premises belonging to the tenant or to some person bound or liable for the rent of said premises, but such right was conditional and the condition is expressed thus: "And no person claiming title to such property distrained for rent, shall in any manner avail himself of the provisions of the section, unless by making and filing an affidavit that the goods and chattels distrained are the property of his tenant."

Now, the foregoing condition of the section 1317 of the Code of 1880, quoted above, does not appear in either section 2529 or section 2530 of the Code of 1892, but the property of third parties is absolutely and unconditionally exempted from seizure.

Again, section 1317 of the Code of 1880 provides that a third party claiming property levied on must file a bond in double the value of the goods seized. Section 2530 of the Code of 1892 provides that bond must be given only in the event possession of the property is desired immediately, and in addition the third party is given the right to stop the sale by merely filing a claimant's affidavit for the property, just as in the case of an ordinary attachment suit when property of third parties become involved.

Then too, section 2529 of the Code of 1892 in providing that property of third parties found on the demised

premises shall not be liable to distress for rent, expressly excepts all agricultural products. This exception does not appear in section 1317 of the Code of 1880.

The phraseology of sections 2529 and 2530 of the Code of 1892, is very different from that of section 1317 of the Code of 1880, but the above mentioned amendments and alterations constitute the only material changes affecting the law.

A comparison of the landlord and tenant statute of the Code of 1892 with the Code of 1880, shows that other sections of that chapter were amended and several sections added, and in passing, we call attention to the appearance for the first time in the Code of 1892 of section 2531, under the provisions of which the burden of proof on the trial of the issue between the landlord and claimant is placed upon the claimant. This rule, of course is directly contrary to the usual rule of the burden of proof in an ordinary claimant's issue. As we have stated, the remedy of the claimant contained in section 1317 of the Code of 1880, was exclusive, but it was not declared to be exclusive by our supreme court merely because that statute was in derogation of the common law, as contended by counsel, but because and on account of the very express and positive terms of the statute, which provides that the third party shall not be allowed to assert his right to his property levied on by the landlord, unless he follows the procedure set out in said section 1317 of the Code of 1880. It is understood, of course, that the three cases of our supreme court hereinabove mentioned and relied upon by appellant, were decided prior to the adoption of the Code of 1892, and they construe section 1317 of the Code of 1880 and section 1631 of the Code of 1871. As said by Judge Chalmers in *Kendricks* v. *Watkins, supra*:

113 Miss.—49

"The first clause of this section is merely intended to abrogate a common-law rule, which renders the goods of a stranger liable for rent, if found upon the demised premises. The rest of the section provides the mode by which any claim to distrained property must be asserted and prohibits any other mode." And by Judge GEORGE in the case of *Gibson* v. *Lock, supra*: "The statute expressly provides that the owner of such property shall not have the benefit of the exemption unless he will replevy the property as provided for in the statute before it is sold under the distress warrant."

It therefore appears that in construing section 1317· of the Code of 1880, the court held the remedy afforded by said section to a third party claiming property levied on under an attachment for rent, to be exclusive, because of the express and unambiguous terms of that statute which expressly excludes any and all other remedies. The case of Hall Safe and Lock Co., *supra,* merely reaffirms the decisions in the two last-mentioned cases in the construction of section 1317 of the Code of 1880.

Since the adoption of the Code of 1892, in view of the express and apparent change made by that Code in relation to claims of third parties to property levied on under an attachment for rent, lawyers generally have accepted the law as written and abided by the wholesome change in the same, and have uniformly understood that the cases cited by counsel are no longer authoritative, but it has remained for industrious counsel to raise by an ingenious but technical argument that this law is now as it was prior to the radical changes made by the adoption of the Code of 1892. Singularly enough, counsel for appellant does not attempt to explain why the legislature adopted section 2529 of the Code of 1892, as a separate and distinct statute, and why other provisions of section 1317 of the Code of 1880, were so radically changed by the adoption of sections 2529 and 2530 of the Code of 1892.

He seems to be obsessed with the construction of the terms "may" and "shall" and overpowered with the sacredness of the "common law," and exasperated beyond measure with the three great lawyers who were appointed by virtue of the Constitution of 1890 to revise and recodify the law of the state, in changing and amending the force and effect of the statute involved herein. In one breath counsel asserts that it is not permissible for this court to compare the law as written in 1880, in arriving at a proper interpretation of the present law, because he says that the law as now written is clear and unambiguous. We quite agree with him that it is not necessary to refer to the Law of 1880, and that the law as now written is "plain and unambiguous"—so plain indeed that a wayfaring man may understand it.

COOK, P. J., delivered the opinion of the court.

Appellee instituted an action of replevin against appellants for a certain piano of the value of seven hundred and fifty dollars. The case went off on an agreed statement of facts, and the trial judge instructed the jury to find for plaintiff, appellee here, and this was done. From a judgment awarding the piano to plaintiff, the defendants have prosecuted this appeal.

The agreed statement of facts is as follows, viz.:

"It is agreed by and between L. Grunewald Company, Limited, by its attorneys of record, Whittington & Osborn, and the defendant T. S. Shuler, that this case may be tried by the court, a jury being waived, and judgment rendered in this cause on the following agreed statement of facts:

"That the electric piano involved in this replevin suit was delivered by the plaintiff to one A. C. Ross, of Greenwood, Miss., on or about the 15th day of April, 1915, under the terms of a conditional contract of sale dated April 15, 1915, the original of which is hereto

attached as 'Exhibit A' to this agreement and made a part hereof; that the said A. C. Ross did not pay the plaintiff any part of the consideration mentioned in said contract of sale, and is now indebted to plaintiff for the full amount of the purchase price of said piano; and that the plaintiff herein is the owner of said piano and entitled to the possession of same unless the defendant herein has acquired title to the same to the exclusion of plaintiff in the following manner:

"The said A. C. Ross was operating a moving picture show in the city of Greenwood, Miss., in a building rented by the said Ross from T. R. Henderson, and on or about the —––— day of June, 1915, the said Ross being in arrears with the rent due said Henderson for said building, an attachment for rent was sued out by the said T. R. Henderson against said Ross for said, past-due rent in accordance with and under the provisions of chapter 76 of the Code of 1906, and, among other things, said attachment for rent was levied on the said electric piano which was at the time of said levy located in said building and in the possession of said Ross; that subsequently said piano was sold by the proper officer under said attachment for rent, and at said sale, which was regular in every respect, the defendant herein became the purchaser of said electric piano for the sum of forty dollars which sum was not in excess of the amount due by said Ross to said Henderson for rent under said attachment, and said piano was delivered to the defendant by the officer making said sale and has been in the possession of the defendant since that time to the bringing of this suit. The value of said piano is that alleged in the affidavit in replevin.

"It is further agreed that said attachment was properly brought by the said Henderson against the said Ross for rent in arrears in a definite sum, and that all of the proceedings in connection with said levy and sale were regular and according to law.

"It is further agreed that neither said T. R. Henderson, nor said T. S. Shuler, nor the officer levying said attachment for rent and making said sale thereunder, knew, at any time, until after said sale, that the plaintiff herein claimed title or ownership to said piano. And it is also agreed that the said L. Grunewald Company, plaintiff, which is located at New Orleans, La., had no notice whatever of said attachment and sale thereunder until some time after said sale and after said piano had been delivered by the officer making said sale to the defendant, and that the plaintiff herein did not replevin the piano from the officer levying the attachment and making said sale, nor take any other steps to recover the said piano save and only in this replevin suit.

"The only question to be decided by the court is whether the plaintiff herein, L. Grunewald Company, Limited, or the defendant T. S. Shuler, has the better title to said property, and which is entitled to the possession of same."

The determination of this appeal turns upon a proper construction of sections 2867 and 2868, Code 1906, which sections are a rescript of sections 2529 and 2530, Code of 1892. Prior to the Code of 1892, persons claiming title to property distrained for rent were confined to the remedy provided by the statute. In other words, the only remedy was prescribed by the statute, and, unless the claimant propounded his claim in the manner prescribed by the statute, he would lose his property — the statutory scheme was exclusive. *Kendrick* v. *Watkins,* 54 Miss. 495; *Gibson* v. *Lock,* 58 Miss. 298; *Paine* v. *Hall,* 64 Miss. 175, 1 So. 56.

Appellants' counsel contend that the statutory limitation only amended the common law, and the remedy prescribed by the statute was necessarily exclusive, because under the common law the owner of property distrained for rent had no remedy, and, leaving out the limitations of the statute, the statutory scheme was

the exclusive remedy; and therefore the limitation in in the statute was surplusage. With this postulate appellants' counsel insist that sections 2867 and 2868, Code 1906, give a remedy unknown to the common law, and, this being the only remedy it necessarily follows that it is exclusive, and, the owner of the property distrained having failed to avail itself of this remedy, the court erred in awarding the piano to it.

We here quote sections 2867 and 2868, Code 1906, viz.:

"Property of Strangers Not Liable.—Property, except agricultural products on which there is a lien for rent, found or being on any demised premises, not belonging to the tenant or to some person bound or liable for the rent of such premises, shall not be liable to be distrained for rent; but if the tenant or other person liable for the rent have a limited interest in the property, the same may be distrained, and the interest therein of the tenant or person liable for the rent may be sold.

"2868. Replevin of Property by Strangers.—When any person other than the tenant shall claim to be the owner of any property distrained or seized for rent or supplies, or either, he may make affidavit that said property is his, and not the property of the tenant, and not held to the use of the tenant in any manner whatever, and is not liable to such distress or seizure; and if he desire immediate possession of said property, he shall give bond, with sufficient sureties, in the manner directed for the tenant, and such affidavit and bond shall be delivered to the officer who made the distress, who shall deliver the property to the claimant. Such claim may be interposed without giving bond, and the same proceedings shall be had thereon, except that the property claimed shall not be delivered to the claimant, but shall be disposed of as in the case of replevy by the tenant. Upon such claim being made, the landlord

may release the property so claimed and forthwith distrain or seize other property in lieu thereof.''

It will be observed that section 2867 exempts all property found on the premises, not belonging to the tenant, except agricultural products, from distress. In this case, the property levied on was not liable for rent; it did not belong to the tenant; he had no limited interest in the property. The agreed statement of facts shows that the owner did not know that the piano had been distrained and sold to appellees, but, after learning the facts, the action in replevin was promptly begun.

So, the purchasers of the piano were aware that the landlord had no lien on the piano for rent, and there is no evidence that any inquiry was made as to ownership.

It is significant that the legislature, before 1892, in precise language, confined the owner of property to the remedy prescribed by the statute, but in the present statute the precise and definite limitation is omitted. It is the business of the courts to discover the legislative intent, and, having found it, to enforce it.

The statute as written prior to the Code of 1892 had been interpreted and enforced by the courts. The owner of property distrained, not belonging to the tenant, was limited to the remedy provided by the statute, for the manifest reason, if for no other, that the statute was so written. This precise definition of the owner's rights was not written into the present statute, and we are of the opinion that the legislature intended that the owner had the option to pursue the statutory remedy, or to claim the property in any other way known to the law.

We do not believe that the chapter on landlord and tenant was designed to give the landlord preference over other creditors, except upon agricultural products grown on the land. As to all other property not belonging to the tenant, the landlord's rights must yield to the rights of the true owner in the same way and to the same extent as other creditors.

In fact, this court has already interpreted our statutes against the contention of appellant. The point made here seems not to have been made in the case referred to, but the court necessarily announced the law to be in favor of appellant there, and the appellant there is the appellee here. *Brunswick-Balke Co.* v. *Murphy et al.,* 89 Miss. 264, 42 So. 288.

*Affirmed.*