WHITE *v.* MIAZZA-WOODS CONST. Co.

[84 South. 181. In Banc. No. 21099.]

1. LANDLORD AND TENANT. *Bona fide purchaser of tenant's goods before distress for rent is protected.*

  A landlord has no lien upon his tenant's goods, other than agricultural products, and, before distress for rent, a *bona-fide* purchaser of such goods, whether on or off the leased premises, will be protected.

2. LANDLORD AND TENANT. *Statute does not give lien for rent on property on leased premises; replevin lies against landlord for possession.*

  Section 2851, Code of 1906 (section 2349, Hemingway's Code), does not give landlord a lien on the property on leased premises

for unpaid rent. A purchaser for value of office furniture on leased premises may maintain replevin proceedings against the landlord for possession of same, though the seller be in arrears for rent due the landlord.

APPEAL from Circuit Court, Lauderdale County.

HON. R. W. HEIDELBERG, Judge.

Replevin by T. J. White against the Miazza-Woods Construction Company. Judgment for defendant, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

*W. L. Scott,* for appellant.

I thought the questions involved in this suit were settled in the cases of *Richardson* v. *McLaurin,* 69 Miss. 70, and *Blake-Brunswick-Collender Co.* v. *Murphy,* 89 Miss. 264.

I especially thought that the later case in 89 Miss. 264, which was a discussion of section 2851 of the code was decisive of the question at issue, and as I understand that case it holds: "A landlord has no lien or claim for rent, as against the mortgagee upon property mortgaged by the tenant and subsequently brought upon the leased premises; and payment or tender of rent due is not a condition precedent to seizure of the property for the enforcement of the mortgage, under Laws 1894, ch. 52 p. 44 (section 2851, Code) providing that chattels on leased premises shall not be liable to be taken under process unless upon payment or tender of unpaid rent."

Since the filing of this case something over a year ago the case of *Piano Co.* v. *Shuler,* 113 Miss. 763, too, has been decided by this court, and the opinion in that case among other things especially points out in very well considered opinion that the replevin route was the proper route for appellant to go to obtain his property, which case again holds that property, except agricultural

products on which there is a lien for rent, found or being on any demised premises, not belonging to the tenant or to some person bound to pay the rent of such premises shall not be liable to be destrained for rent.

Section 2867, Code of 1906, is practically in the language of the foregoing paragraph, and that statute in the light of the construction placed upon section 2851, it seems to me settles the proposition that plaintiff below. appellant here, should have had judgment and not appellee.

The court got an idea, however, from the very able argument of counsel for appellee that since seven dollars and fifty cents of the rent had already accrued at the time appellant bought the property, and since the property was brought upon the premises subject to the mortgage which distinguished that case from the case at bar, which was then answered by the provision in section 2859 of the Code of 1906, that property, other than agricultural products upon which there is a lien, so carried off and sold in good faith for a valuable consideration, before seizure made shall not be afterwards liable to be taken and seized for rent or supplies.

There is no contention here that this transaction was not in good faith, though counsel for appellant did contend that the transaction as made amounted to a mortgage, instead of sale, and contract to re-sell. Granted that it was a mortgage, for the sake of argument only. then the mortgagee's rights should be preserved, and his interest in the property to the extent of that interest preserved.

Section 2867 provides for that, in that it holds: "But if the tenant or other person liable for the rent have a limited interest in the property, the same may be destrained, and the interest therein of such tenant or person liable for the rent may be sold," but the right of the landlord to destrain the interest of the tenant is not involved here but might have been, should the appellee

have shown this to have been a mortgage and too, that the tenant did in fact have a limited interest therein which was in no wise shown.

I submit, however, that the testimony touching the first transaction was admissible too to show a completed transaction on that day and accounted for the manner in which the paper was drawn, but did not vary its terms in the least; in other words no paper was necessary to evidence the first transaction which was a straightout sale, transferring title then and there together with delivery, of the thing sold, and title remained in appellant all night, and did not pass back to Allen the next day by virtue of the drawing of the bill of sale and the contract to re-sell, for it took as much to convey title back to Allen as it did to convey it out of him, and the record shows that that was never done and not attempted, nor is there any hint at any loan being asked or attempted, nor is there any hint at the relaton of debtor and creditor having existed between Allen and White, except the fact that written on the back of the paper is the statement "extended for sixty days by agreement," which in the light of all the facts of the case shows that Allen had what is usually termed an option on the property, which option for five dollars he got extended for sixty days, and when after the sixty days had expired he abandoned the property, went away and when seen next gave appellant an order to his landlord to turn the property over to appellant he clearly demonstrated that he had no interest in the property, claimed none, had no title to it, and claimed none.

Finally on this record I submit that appellant should have had a peremptory instruction to find for the plaintiff for the right of possession of said property was the owner of the property in dispute when the relationship of landlord and tenant between him and the appellee, the Miazza-Wood Construction Co., began. That

point is not disputed at all.  It was his when he moved into the building and placed his furniture into the office which he rented.  It was his when he went to see the fire insurance agent and had his policy so changed as to cover his office furniture after he had moved it from his old location to the office rented from the appellee.  It was his when the rental agents of the appellee were after him from time to time to collect his rent;  he was in possession of it, using it, controlling it all these four months and a half.  And no change in ownership, possession or control was indicated until after the Christmas holidays of 1916, when Allen the tenant, had decided to leave town.  Then it was that the appellant appears with his ''bill of sale'' and demands possession.  And we desire to call the court's attention to that ''bill of sale'' which appears on page 8 of the record.  From the face of it and from the endorsement, ''Oct. 16, 1916 extended 60 days by agreement from this date, T. J. White'' and by the way it was handled by its owner, and the attitude towards it by its maker, Allen, we are driven to the sole conclusion that it is nothing more nor less than an unrecorded chattel mortgage, with the mortgagee in possession.

This is an action of replevin.  We have a perfect right to say the furniture was the property of the tenant.  What rights then can the holder of this unrecorded chattel mortgage hope to enforce as against the appellee, the landlord, with section 2851, Code of 1906, protecting it.  Bear in mind that the appellee has never yet relinquished possession of the furniture in controversy, not even giving the officer a forthcoming bond for it, and that since the facts are all before the court, and there is no disputed question to be settled by the jury, I further submit that the judgment of the lower court should be reversed and judgment entered here for appellant, for the possession of the property and all his costs herein expended.

*E. B. Williams,* for appellee.

The question involved in this case is simply the application of section 2851, Code 1906, to the facts as made by the record. As to the law: The case of *Richardson* v. *McLaurin,* 69 Miss. 70, as cited by the appellant, has no application at all to the case at bar, because that case was decided before section 2851 of the Code of 1906, was enacted; and we had no section similar to it at the time *Richardson* v. *McLaurin* was decided. The case of *Blake-Brunswick Collender Co.* v. *Murphy,* 89 Miss. 264, holds that no property of the tenant can be removed from the leased premises by any legal process, unless all rents due for a period not exceeding twelve months, are first paid by the officer making the levy.

The Piano Company case is no authority for the case at bar, the case cited by appellant in 113 Miss. at page 763, except that Allen, the tenant in the present case, is in a similar attitude to the piano people in that case; Allen was the owner of the property as were the piano people, and he, Allen, retained possession of it and exercised physical ownership over it, while the piano people in that case released possession of the property but retained title to it.

We respectfully submit that both courts below wer< correct in their rulings in this case, and that this court should affirm.

SYKES, J., delivered the opinion of the court.

T. J. White, appellant, brought a replevin suit in the justice of the peace court, seeking to recover from appellee certain office furniture. In due course the case reached the circuit court, where it was tried before the circuit judge by agrement, and judgment was rendered in favor of the appellee. The facts are uncontroverted,

and are briefly as follows: In August, 1916, P. A. Allen rented an office from the appellee. Into this office he moved the furniture in controversy. The following September, by written instrument, he sold this furniture to the appellant for the sum of sixty dollars, which was paid in cash In this instrument it was provided that Allen could repurchase the furniture for that sum within thirty days. At a later period the option to repurchase was extended by agreement to sixty days. Allen, however, failed to exercise this option and repurchase the property. Some time later on Allen left Meridian. He had failed to pay his office rent for several months. Appellant obtained a note from Allen to the effect that Allen had sold this property to appellant and authorizing the appellee to give appellant possession of it. Appellee declined to do so, claiming that it had a claim on the furniture for the unpaid rent of Allen. Appellant then instituted this proceeding.

It is the contention of the appellee that it is entitled to hold possession of this property under section 2851, Code of 1906, section 2349, Hemingway's Code). This section reads as follows:

"Goods Not to Be Removed Until Rent Paid.—That no goods or chattels, lying or being in or upon any messuage, lands or tenements, leased or rented for life, years, at will, or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying

the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things.''

Prior to the enactment of this statute in 1894, it was held, in the case of *Richardson* v. *McLaurin*, 69 Miss. 70, 12 So. 264, that a landlord did not have a lien on any goods of his tenant except agricultural products of the leased premises. After referring to several prior decisions of the court 'in the opinion, it is stated:

''After these several decisions the Code of 18°·· was adopted, and by it the legislature created in favor of the landlord a lien on all the agricultural products of the leased premises, and did not give him a lien on other goods of his tenant. In view of this apparent acquiescence in the denial of a lien in favor of the landlord, except as the positive creation of statute law, that must now be accepted as the law of this state; and it follows that a purchaser of goods other than agricultural products, etc., of a tenant, on or off the leased premises, who pays value, will be protected in his purchase just as if he had purchased them from another, or as if they were not on such premises; and knowledge by the purchaser of rent due, and that the landlord looks to the goods for payment, does not hinder a valid purchase of them.''

The court had occasion to construe the statute in question in the case of *Brunswick, etc., Co.* v. *Murphy*, 89 Miss. 264, 42 S. 288. In this opinion it is stated that: —This law ''has already . . . been construed by us as not subjecting the property of third persons on leased premises to liability for rent.''

That case was also a replevin case.

In the case of *Shuler* v. *Grunewald Co.*, 113 Miss. 763, 74 So. 659, it is again repeated that: ''We do

not believe that the chapter on landlord and tenant was designed to give the landlord preference over other creditors, except upon agricultural products grown on the land. As to all other property not belonging to the tenant, the landlord's rights must yield to the rights of the true owner in the same way and to the same extent as other creditors."

Section 2851, above quoted, does not give the landlord a lien on the property on the leased premises for his rent. Though the tenant may be in arrears, he has a right to sell this property for valuable consideration. In this case the appellant was an innocent purchaser for value, without any notice whatever of any rent due at the time of the purchase. This section of the Code can only mean that property belonging to the tenant shall not be liable to be taken by virtue of any writ of execution or other process whatever, unless the rent be paid, etc. In this case the property was not the property of the tenant, but that of the appellant.

The court should have entered judgment in favor of the appellant.

Reversed, and judgment here for appellant.

*Reversed.*