DORSEY *et al. v.* LATHAM.

(Division A. Feb. 22, 1943. Suggestion of Error Overruled April 5, 1943.)

[11 So. (2d), 897. No. 35264.]

Harold Cox, of Jackson, for appellants.

Thos. **B.** Bratton and **L. F.** Easterling, both of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

In March, 1938, the appellants sold and delivered to the Mississipi Truck Equipment Company, hereinafter referred to as the equipment company, six automobile trailers on deferred payments aggregating $1,746, none of which have been made. The equipment company was doing business in a building leased by it from the appellee

and placed the trailers therein without any sign thereat, indicating that these appellants had a lien of any sort on the trailers. On January 1, 1938, it owed the appellee $475 unpaid rent for the preceding five months, for which he sued out an attachment for rent under which the constable seized the trailers and removed them from the leased premises, stored them elsewhere, and advertised them for sale under the warrant. Before the day set for the sale arrived, the equipment company filed a petition in bankruptcy and the sale was restrained by an order of the bankruptcy court under which the trailers were delivered by the constable to the trustee in bankruptcy. Thereafter, they were sold by this trustee on an order of the referee in bankruptcy instructing him so to do, which further provided that ''if the trustee sells the property of the estate or any part thereof free and clear of liens, then and in that event all claims there—against by way of lien, mortgage, retained title contract or other encumbrance shall upon confirmation of such sale be thereby and hereby transferred to the proceeds realized therefrom, subject to further proceedings herein for the determination of the validity, amount, value and marshaling such liens, mortgages, retained title contracts and other encumbrances, as to which the proceeds shall stand in lieu of the property so sold, subject also to any and all other appropriate action.''

Notice was given at this trustee's sale of the appellee's claim to a lien for rent on the trailers. No such notice was given on behalf of the appellants, but the trustee knew of its claimed lien. The appellants filed a claim in the bankruptcy court for the money received by the trustee in bankruptcy for these trailers. The appellee, as did the constable, from whose possession the trailers were taken by the trustee, filed a claim to $527.40 of the money to cover the amount due by the equipment company to the appellee and the court costs due the constable for serving the warrant. The referee in bankruptcy held, by order duly rendered, that the trustee in bankruptcy had

no interest in this money and that it belonged to one of the other ''of the parties hereto.'' The trustee then filed a bill of interpleader in the court below, paid the money to the clerk thereof, and prayed that the parties hereto be summoned to assert their claims thereto. The parties appeared and propounded their claims and pending final decree, an agreed order was entered directing the clerk to pay out of the money delivered to him by the trustee in bankruptcy the sum of $254.40 to the appellants herein, retaining the remainder until further order of the court. The evidence consists of a written agreed statement of facts and oral testimony, from which the foregoing appears. By its final decree, the court below directed its clerk out of the $527.40 remaining in his hands to pay the costs of this interpleader proceeding, the court costs incurred in the appellee's landlord attachment proceeding amounting to $52.40, and to divide the remainder thereof equally between the complainants and the appellee herein. The Dorseys appealed and Latham cross-appealed.

When the apellants sold and delivered these trailers to the equiment company on credit, although for the purpose of resale by it, the appellants thereafter had ''a lien thereon for the purchase-money'' while it remained in the hands of the purchaser or one deriving title or possession through it with notice that the purchase money was unpaid. Section 2239, Code of 1930. This lien continued thereon and by virtue of the hereinbefore mentioned Federal Court order attached to and continued on the money paid by the trustee in the bankruptcy to the clerk of the court below on his bill of interpleader unless the seizure of the trailers and their removal from the possession of the equipment company by the constable under the appellee's attachment for rent or Sections 2175 or 3352 of the Code of 1930 interfere therewith. When the constable seized these trailers under this attachment writ, the appellee acquired thereby a lien thereon, but it was subject to the appellants' purchase money lien. Weiss, Dreyfous, & Seiferth, Inc., et al. v. Natchez Inv. Co., Inc.,

et al., 166 Miss. 253, 140 So. 736, with which Section 2175 of the Code does not interfere. Brunswick-Balke Company v. Murphy et al., 89 Miss. 264, 42 So. 288; Shuler, et al. v. L. Grunewald Co., Ltd., 113 Miss. 763, 74 So. 659. Whether the appellants could have enforced this lien by a seizure of the trailers while they remained on the premises leased by the equipment company from the appellee without that section's requirement is not before us for the reason that they were removed therefrom, not by nor at the instance of appellants, but under a warrant sued out by the appellee for that purpose. The removal of these trailers from the possession of the equipment company did not affect the appellants' purchase money lien thereon for neither they nor the equipment company did anything in furtherance of this removal.

The appellants and the appellee were both creditors of the equipment company, the apellants having a lien, which the appellee did not, on the trailers for the security of its debt. Consequently, Section 3352, the sign statute, has no application here for more than fifty years ago in the case of Dodds v. Pratt, 64 Miss. 123, 8 So. 167, 168, this court said that: "[This section] does not derange the order of priority [of liens] among the creditors of the person transacting business"; and again in Kinney v. Paine, 68 Miss. 258, 8 So. 747, 748, it said: "Section 1300 of the Code [sign statute] has no place in a contest between creditors of the common debtor, who used or acquired the property which is the subject of contest. It makes property subject to creditors in the state of case prescribed, but has no application as between creditors." The statute has been several times re-enacted since those cases were decided and now appears as Section 3352 of the present Code. The decree of the court below will be reversed and a decree will be rendered here awarding the $527.40 of the money paid by the trustee in bankruptcy to the clerk of the court below now remaining in his hands to the appellants and taxing the appellee with the court costs in this court and also in the court below.

So ordered.