NATIONAL CASH REGISTER CO. *v.* THOMPSON.

Division B. Nov. 20, 1950.

No. 37646 (48 So. (2d) 608)

John S. Throop, Jr., for appellant.

40

John Horan and **Kermit R. Cofer**, for appellee.

42

44

In reply for appellant.

**Ethridge, C.**

In November, 1947, appellant, the National Cash Register Company, sold to James Simmons a cash register. The contract was a conditional sale with title retained in the vendor until the full purchase price was paid. The cash register was not for resale but was used by Simmons in operating his jewelry store in Water Valley. However, it was not shipped to Simmons until April 30, 1948. On June 5 of that year, the contract was recorded

by appellant in the chattel deed of trust records of the Second Judicial District of Yalobusha County, in which Water Valley is situated.

In July, 1948, James F. Thompson, appellee, and landlord of Simmons, and another creditor of Simmons, attached all of the property in Simmons' jewelry store to pay judgments which they subsequently obtained against him, and included in this property attached and later sold at an execution sale was the cash register in question. Appellant appeared at the execution sale, by its agents, and prior to the sale advised James F. Thompson, the purchaser, of the existence of appellant's claim of title to the cash register.

In September, 1948, appellant filed suit against appellee in replevin for the cash register. At the conclusion of testimony by both parties, the case was submitted to the court without a jury on both law and facts. The trial judge held for appellee, the purchaser at the execution sale. His decision was apparently based upon the idea that the so-called ''business sign statute'' applied so as to subject the cash register to the claims of the conditional vendee's creditors. This act, which is Section 273 of the Mississippi Code of 1942, provides that: ''If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.''

This statute was first passed in 1880. Miss. Code 1880, Sec. 1300. It is evidently a copy of an act of 1839 of Virginia, and is also similar to statutes from West Vir-

ginia and Maryland. Schmitt, The Sign Statute in Mississippi, 1 Miss. L. J. 203 (1928). ██ Its purpose is to defeat as against creditors of a trader secret liens asserted by third parties to property in the trader's possession and used or acquired in such business. Paine v. Hall's Safe & Lock Company, 1886, 64 Miss. 175, 1 So. 56. This basic purpose has been kept in mind by the courts in numerous cases involving this legislation. This objective must not be deflected by applying the act as what Chief Justice Woods once called a "statutory panacea" for creditors. John Van Range Co. v. Allen, Miss., 1890, 7 So. 499. As was said in Yellow Mfg. Acceptance Corp. v. American Oil Co., 1941, 191 Miss. 757, 2 So. (2d) 834, 836, ██ "The statute is highly penal. Where it applies, in effect it takes, without compensation, one person's property and gives it to another. It is to be strictly construed against any claim thereunder."

Hence the Court in interpreting the statute has defined its reach. ██ It applies only to "traders", and a sawmill and a gin, for example, are not so classified. Yale v. Taylor Mfg. Co., 1885, 63 Miss. 598. If property is merely stored with the trader, it cannot be subjected to his debts. Hall's Self Feeding Cotton Gin Co. v. Berg, 1888, 65 Miss. 184, 3 So. 372. And if the property was procured by fraud and strategem, trespass, or larceny, if the party seasonably and in good faith asserts his title he may recover it. Frank v. Robinson, 1887, 65 Miss. 162, 3 So. 253; Yellow Manufacturing Acceptance Corp. v. American Oil Co., supra. And it is said that ██ the statute fixes the ownership in the property, but takes no part in a contest between creditors of the common debtor who used or acquired the property which is the subject of the contest. Dorsey v. Latham, 1943, 194 Miss. 253, 11 So. (2d) 897. Also, the Court has interpreted in a number of cases what is meant by "transacting business" and property "used or acquired in such business".

Another limitation upon the Act is the one which should have been applied in this case. As far back as 1890, the Court held that if the instrument retaining the lien or security is properly filed for record, the property cannot be attached by creditors. John Van Range Co. v. Allen, supra. In that case the conditional vendor had sold to Allen a stove for use in a hotel, and in sustaining the vendor's action of replevin the Court said: "every one (had) constructive knowledge; for the agreement, properly acknowledged by Harrison, was promptly put to record in the proper office". In Gayden v. Tufts, 1891, 68 Miss. 691, 10 So. 53, there was a recorded conditional sale of a soda fountain and creditors of the conditional vendee undertook to attach it. The Court sustained judgment for the vendor in replevin. Tufts v. Stone, 1892, 70 Miss. 54, 11 So. 792, 793, was also an action of replevin for a soda fountain sold to a conditional vendee. The contract was recorded. The Court held that "it was properly recordable, and excluded all idea of its being classed with those secret claims which it was the purpose of section 1300 of the Code of 1880 to disallow." To the same effect is Dodds v. Pratt, 1886, 64 Miss. 123, 8 So. 167.

The contrast between the result of a recorded and an unrecorded lien is well illustrated in Fitzgerald v. American Mfg. Co., 1917, 114 Miss. 580, 75 So. 440. The conditional vendor sold a soda fountain and a ceiling fan to the vendee. The contract for sale of the soda fountain was duly recorded. That of the ceiling fan was not recorded. The Court granted replevin to the vendor for the soda fountain, for which the contract had been recorded, and denied replevin for the ceiling fan, for which the contract had not been recorded. See also Yellow Mfg. Acceptance Corp. v. American Oil Co., supra, Miss. Code of 1942, Secs. 851, 863, 868.

The conditional sale contract to Simmons was properly recorded by appellant prior to the writ of attachment, and therefore the principle of the Fitzgerald case and

its predecessors is applicable. The statute does not apply where the contract creating the lien is recorded prior to the attachment by creditors. The constructive notice thereby given negatives the secret lien penalized by the act and serves as a published proof to everyone of the lienor's claim. Appellant had recorded its retention of title. It was notice to attaching creditors and to appellee of the rightful claim of appellant to the cash register.

Appellee suggests that the recorded contract of sale does not show that appellant had actually sold to Simmons the cash register. However, the contract adequately reflects a conditional sale with retention of title until the vendor was paid the purchase price. ██ █ Appellee also urges that the property was not adequately described in the recorded contract of conditional sale. That contract designates it as one cash register "1090 Br. Mah.", which apparently means brown mahogany. Under the column called "serial or factory numbers" is the figure "4373428", which clearly designates the serial number of the machine. The requirement stated in National Foods, Inc., v. Friedrich, 1935, 173 Miss. 717, 163 So. 126, is that the description must separate the property from all other items of like kind. The contract must mention some fact or circumstance connected with the property which will serve to distinguish it from similar property, and this fact or circumstance must be stated in the instrument itself. The clear designation of the serial number of the cash register along with the other facts in the contract meet these requirements.

For the above reasons the judgment of the trial court is reversed, judgment rendered for appellant for the cash register, or, if it cannot be had, its value, and this case is remanded to the circuit court for the determination of what damages, if any, were incurred by appellant.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and remanded.