In the Matter of BRUNEAU'S, INC.

DATE SHOE, INC. and Addy, Inc.,
Plaintiffs-Appellants,

v.

Robert G. NICHOLS, Jr., Trustee,
Defendant-Appellee.

No. 79–3300.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 9, 1981.

Rehearing and Rehearing En Banc
Denied May 13, 1981.

Young, Scanlon & Sessums, Pat H. Scanlon, Kenneth G. Stamps, Jackson, Miss., for plaintiffs-appellants.

James R. Mozingo, Jackson, Miss., for defendant-appellee.

Before BROWN, THORNBERRY and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

There is no question that the Mississippi Business Sign Statute (Miss.Code Ann. § 15–3–7 (1972)) applies to the facts of this case. We find without merit Appellants' argument that the general repealer provision of the Mississippi Uniform Commercial Code (Miss.Code Ann. § 75–10–103 (1972)) repealed the Business Sign Statute by implication. The Business Sign Statute is entirely consistent with the Mississippi U.C.C. and, in fact, Miss.Code Ann. § 75–2–326(3)(a) virtually continues the Business Sign Statute by express direction. We further find without merit Appellants' argument that the Business Sign Statute violates the United States Constitution—specifically the Due Process Clause of the Fourteenth Amendment.

The only question which remains to be resolved by this Court is whether the furniture of Date Shoe, Inc. and the equip-

ment of Addy, Inc. were subject to sale by the Trustee pursuant to the Business Sign Statute.[1] The Statute describes the items liable for debts as "all the property, stock, money and choses in action used or acquired in [the] business." The statute itself draws no distinction between merchandise, which is clearly subject to execution and sale, and office equipment, furniture or other property "used or acquired" in the business. We are cited to no authority which suggests that furniture and office equipment are somehow exempt from the Business Sign Statute.[2] In fact, we have found a number of cases in which non-merchandise items have been found subject to execution under the Statute.[3] See, e. g., *Ellzey v. Frederic*, 191 Miss. 633, 3 So.2d 849 (1941) (Two electric refrigerators used in business of filling station owner who also sold soft drinks and beer); *Howe v. Kerr*, 69 Miss. 311, 13 So. 730 (1891) (Supplies and fixtures "used and acquired" in saloon business); *Paine v. Hall's Safe & Lock Co.*, 64 Miss. 175, 1 So. 56 (1887) (Safe used in jewelry business).

It is not controverted by Appellants' that the furniture of Date Shoe and the equipment of Addy were "used or acquired" in those businesses. Accordingly, we find that those items were as equally subject to execution and sale pursuant to the Business Sign Statute as was the merchandise of the two companies.[4]

AFFIRMED.

1. Proceeds from the sale of the furniture claimed by Date Shoe totaled %1,500. Proceeds from the sale of the equipment claim by Addy totaled $250.

2. In *National Cash Register Co. v. Thompson*, 210 Miss. 37, 48 So.2d 608 (1950) the Court did find that a non-merchandise item—a cash register—was not subject to execution pursuant to the Business Sign Statute. However, the reason for the Court's decision had nothing to do with the character of the property itself but rather with the fact that the plaintiff-vendor of the cash register had properly recorded the lien which it retained on the cash register. It is nowhere suggested that a recording was made by either Addy or Date Shoe evidencing retention of title in the property disputed in the present controversy.

3. The Business Sign Statute was originally passed in 1880 (Miss.Code § 1300 (1880)). Although the Statute in its present form wasn't passed until 1972, we deem case law dating from the original enactment to be authoritative in the resolution of the issues presented in this case.

4. Our decision is not affected by the fact that the furniture of Date Shoe and the equipment of Addy may not have been located in the retail sales areas of those concerns, as those items were nevertheless located on the business premises of the debtor Bruneau's, Inc. The furniture and equipment, therefore, were just as likely as the merchandise to be perceived by unsuspecting creditors as the property of Bruneau's.