### In re BLACK.

#### (District Court, W. D. Pennsylvania. October 22, 1900.)

#### No. 1,000.

BANKRUPTCY—EXEMPTIONS—EFFECT OF WAIVER IN NOTE.

Under Bankr. Act 1898, § 70a, and its other provisions relating to exemptions, exempt property claimed by the bankrupt constitutes no part of the assets in bankruptcy, and no title thereto vests in the trustee; nor is the court given jurisdiction and control over such property, where the

exemption is allowed by the laws of the state, by the fact that a creditor holds notes in which the bankrupt waived the benefit of the exemption laws.

In Bankruptcy. On question certified for review by J. M. Force, referee.

Rilling & Fish, for creditor.

Frank Gunnison, for bankrupt.

BUFFINGTON, District Judge. In this case the bankrupt duly claimed an exemption of personal property to the extent of $300. To the allowance of such claim, Thomas Miller, administrator of Bull, a creditor, excepted on the ground that, in the note which evidenced Bull's debt, Black, the maker, had waived the right to such exemption. These exceptions were dismissed by the referee. At the request of the creditor, the referee has certified the question to this court for review. After due consideration, we have reached the conclusion that no error was committed by the referee. Section 6 of the bankrupt act provides:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force," etc.

By the Pennsylvania act of April 9, 1849 (Purd. Dig. p. 831, pl. 29), it is provided:

"In lieu of the property now exempt by law from levy and sale on execution issued upon any judgment obtained upon contract and distress for rent, property to the value of three hundred dollars ($300.00) * * * owned by or in possession of any debtor, shall be exempt from levy and sale on execution or by distress for rent."

Though the literal terms of the statute only extend to an exemption "from levy and sale on execution or by distress for rent," yet, under the practice as recognized by the supreme court of this state, such exemption, when duly claimed, is allowed in assignments for the benefit of creditors. See Peterman's Appeal, 76 Pa. St. 116; Larkins' Estate, 132 Pa. St. 554, 19 Atl. 283; Murr's Appeal (Pa. Sup.) 19 Atl. 1073. It would seem, therefore, if the insolvent estate of this bankrupt were being administered as an assigned estate by the courts of this state, such exemption, if duly excepted and claimed, would be allowed.

The claim, then, being one recognized by state law, we will next inquire as to its enforcement by the bankrupt court. Section 70, cl. a, of the bankrupt law, which provides for vesting the trustee, by operation of law, with the property of the bankrupt, expressly excepts exempt property from such vested property. Section 7, cl. 8, makes it the duty of the bankrupt to claim such exemption as he is entitled to. Section 47, cl. 11, makes it the duty of the trustee to set apart the bankrupt's exemption, and report the items and estimated value to the court. Section 2, cl. 11, makes it the duty of the court to determine the bankrupt's claim to exemption. As the right of the bankrupt to claim his exemption is personal,—one that, under a statute like this, must be asserted (see opinion of Chief Justice Waite in Re Solomon, 2 Hughes, 164, Fed. Cas. No. 13,166),—it would seem the bankrupt court took the property pending the making of a

claim and the claim's determination; but, when such a claim is made, the control of the bankrupt court over it ceases. See opinion of Mr. Justice Bradley in Re Bass, 3 Woods, 382, Fed. Cas. No. 1,091. Of the present law it may be said, as was said of the law of 1867 by Justice Bradley in that case:

"It is made as clear as anything can be that such exempted property constitutes no part of the assets in bankruptcy. * * * The exemption is created by the state law, and the assignee acquires no title to the exempt property."

The fact that one of the creditors of the bankrupt's estate holds notes in which the debtor has, by contract, waived the benefit of such exemption law, does not affect the latter's right to the statutory exemption from the bankrupt estate. This contract right of exemption waiver, personal to the creditor, has never been enforced by him; and the fact that such an unexercised right existed in favor of a certain creditor cannot serve to vest this court, sitting as a court of bankruptcy, with jurisdiction and control over exempt property which congress has expressly excepted from its jurisdiction. We are therefore of opinion it was the trustee's duty to allow the bankrupt his statutory exemption