## In re BOLINGER.

(District Court, W. D. Pennsylvania. January 14, 1901.)

1. BANKRUPTCY—EXEMPTIONS.

Where, after bankrupt had duly made claim for exemption of certain specified personal property, the property was sold by the receiver, with other property of the bankrupt's estate, by order of the court, but without prejudice to the rights of the bankrupt to apply for the proceeds of the sale of such property claimed as exempt, the court will surrender the money into which it had converted such property in the same manner it would have surrendered the property if it had not been converted.

2. SAME—INVALID LEVY—WAIVER.

Certain creditors, a few days before an adjudication in bankruptcy, levied on the property of the bankrupt on an execution on a judgment on a note waiving the benefit of the exemption law. The execution was enjoined as an illegal preference, and the property passed to the receiver. Held that, as the preference created by the execution was illegal, the waiver of the exemption as against the enforcement of the debt on valid lawful process fell with the enjoined unlawful preference execution.

3. SAME—ESTOPPEL.

An execution of a judgment creditor on a judgment waiving exemptions was set aside as an unlawful preference under the bankrupt law. The creditor thereafter filed his claim waiving any lien he might have acquired under said execution. Held, that he was estopped from afterwards claiming a preference against the exempt property.

S. P. Emery, John S. Wendt, and W. H. Falls, for petitioner.

BUFFINGTON, District Judge. In this case the bankrupt duly made claim for the exemption of certain specified personal property,

as provided by the state statute. Thereafter the property so claimed was sold by the receiver, with other property of the bankrupt estate, under an order of this court which provided:

"The sale not to prejudice the right of the bankrupt to hereafter apply for the proceeds of the sale of the articles of personal property claimed by him in his petition as exempt, if in law he is entitled to such exemption. The proceeds of the sale are to remain in the hands of the receiver, subject to the order of the court."

The claimed property and its proceeds, viz. $165.95, were kept separate, and are included in the present account. While exempt property is no part of the bankrupt estate, still, the claim being a personal right, it would seem, if it is not asserted and maintained, the property which might have been covered by it would form part of the bankrupt estate. See authorities collected In re Black, 3 Nat. Bankr. N. 47, 104 Fed. 289. The claim of the bankrupt in this case as against the general estate is clearly good. That the claim was made in due time and proper form is conceded. The order of the court substitutes money for property, and transferred rights existing against specified property to its money substitute. Having a valid claim against the property, the court will surrender the money into which it has converted the property in the same manner it would have surrendered the property had it not been converted. In re Black, supra; In re Brown, 1 Nat. Bankr. N. 230. The fund, however, is claimed by the Schlather Brewing Company. That company levied on the personal property of the bankrupt a few days before the adjudication. In the note on which judgment was entered the bankrupt waived the benefit of the state exemption law. This execution was enjoined as an illegal preference under the bankruptcy law, and the entire property levied upon thereunder passed to the receiver. The preference created by the execution being illegal, the incident of such execution preference, to wit, the waiver of the exemption as against the enforcement of the debt on valid lawful process, must be deemed to have fallen with the enjoined unlawful preference execution. Not only is this so, but subsequently the Schlather Company, in order to participate in the present distribution. filed a release of any lien "of our said judgment from any and all property owned by the said Charles L. Bolinger at the time of the entry of said judgment, and also release any lien which we now have, or could have, on the personal property of said Charles L. Bolinger by virtue of our having issued an execution on said judgment at No. 19, June term, 1899, so that the preference which we have received by virtue of our said judgment and execution shall be surrendered, and that our claim, as evidenced by said judgment and execution, may participate pro rata in the distribution of said bankrupt's estate with proper proven claims against said Charles L. Bolinger's estate." The creditor, having participated in this distribution by reason of said release, is estopped from now claiming a preference, which, if it exists, exists by virtue of the released preference and as an incident thereto. If the releasing creditor were awarded a fund which it would credit on its indebtedness, it would seem such fund should inure to the benefit of all the creditors. But, as we have seen, as against the general creditors, the bankrupt is

entitled to the exemption by virtue of a duly-made claim, and the saving order of the court when the property was converted into money. The creditor cannot with one hand take, by virtue of the release, as a general creditor, and with the other take, at variance with the release, as a preferred one. The result reached by the referee will not be disturbed.