### In re HOOVER.

(District Court, W. D. Pennsylvania. January 21, 1902.)

#### No. 1,620.

1. BANKRUPTCY—LIEN FOR RENT—EQUITABLE EXECUTION.

Where a court of bankruptcy takes possession of goods liable for rent, under Purd. Dig. p. 842, pl. 70, which provides that goods, etc., demised for years or otherwise, taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for rent due at the time of taking such goods in execution, not exceeding one year's rent, its process whereby the same is sold will, for the purposes of such statute, be regarded as an equitable execution.

2. SAME—PRIORITY—PROPERTY IN HANDS OF TRUSTEE.

Purd. Dig. p. 842, pl. 70 (Laws Pa. 1835-36, p. 777) provides that goods, etc., demised for years or otherwise, taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for rent due at the time of taking such goods in execution, not exceeding one year's rent. Bankr. Act, § 64, cl. 5, gives priority to debts owing to any person who by the laws of the state or the United States is entitled to priority. Held, that property of a bankrupt subject to a landlord's rent lien, as against which the bankrupt had waived the benefit of the state exemption law, remains subject to such lien when the trustee in bankruptcy takes possession thereof.

3. SAME.

Where a landlord, prior to his tenant's bankruptcy, has distrained for rent overdue on a lease, waiving the benefit of the exemption laws of the state, the bankrupt is not entitled, as against the landlord, to claim exemption of articles distrained; the rest of the distrained articles being insufficient in value to pay the rent.

In Bankruptcy.

Way, Walker & Morris, for trustee.

J. McF. Carpenter, for landlord.

W. C. Stillwagen, for bankrupt.

BUFFINGTON, District Judge. In this case $85, the rent of Hoover, the tenant, was in arrear, and his landlord lawfully distrained for that sum. Under the statutes and decisions of Pennsylvania he

thereby acquired a lien to that amount upon all the personal property on the premises, for by lease the tenant had lawfully waived the benefit of the exemption law of the state. Pending a sale of the distrained goods, Hoover filed a petition in bankruptcy, and therein claimed as his statutory exemption an automobile then held by the bailiff under the distress warrant. Thereafter the goods were taken from the bailiff's possession by the trustee, who awarded the automobile to the bankrupt as exempt, and sold the balance of the property. The amount realized therefrom was not sufficient to pay the rent. The landlord filed objections to the allowance of the bankrupt's exemption, which objections the referee dismissed, and certified the question "whether, under the first exception filed to the trustee's report of exempted property, and the facts shown in the testimony taken under said exception, the bankrupt is entitled to be allowed the exemption set apart to him in said report." After due consideration, this question is answered in the negative. The Pennsylvania statute (see Act June 16, 1836; Laws 1835–36, p. 777; Purd. Dig. p. 842, pl. 70) provides:

"The goods and chattels being in or upon any messuage, lands or tenements, which are or shall be demised for life or years, or otherwise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: provided, that such rent shall not exceed one year's rent."

The bankrupt court having taken possession of this property, thus liable for the rent, its process whereby the same was sold must, for the purposes of this statute, be regarded as an equitable execution. The case is within the equity of the statute. Longstreth v. Pennock, 87 U. S. 575, 22 L. Ed. 451. The property sold was, when received by the bankrupt court, subject to a lawful lien by reason of the distress, and by the act quoted was made liable for the rent due. Such lien and priority, by virtue of the Pennsylvania statute, was one recognized and enforced by section 64, cl. 5, of the bankrupt act. The claim, then, being one whose validity and priority were recognized both by state and bankrupt law, and the property coming to the bankrupt court for administration subject to a lien as against which the owner had waived the benefit of the exemption law, it is clear the bankrupt cannot, by claiming the benefit of such waived statute, annul or lessen the grasp of such existing lien. The case of In re Bolinger, 6 Am. Bankr. R. 171, 108 Fed. 374, decided by this court, does not rule the present one. Its facts were different. It was there said:

"The preference created by the execution being illegal, the incident of such execution preference, to wit, the waiver of the exemption as against the enforcement of the debt on valid lawful process, must be deemed to have fallen with the expired unlawful preference."

The present case turns on its own facts, and what is now decided is that where a landlord, prior to his tenant's bankruptcy, has distrained for rent overdue on a lease waiving the benefit of the exemption law of Pennsylvania, the bankrupt is not entitled, as against the landlord, to claim an exemption of articles distrained, where the rest of the distrained articles are not sufficient in value to pay the rent.