BANK OF HATTIESBURG v. CARTER (two cases).

In re MOLLERE.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1916.)

Nos. 2829, 2887.

MORTGAGES ⟂151(1)—PRIORITY—STATUTORY LIEN OF LANDLORD.

The landlord's lien given by Code Miss. 1906, § 2851, on the movables of the tenant on the demised premises, is superior in bankruptcy to a mortgage given to secure an antecedent indebtedness.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 326; Dec. Dig. ⟂151(1).]

Appeal from, and Petition for Revision of Proceedings of, the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

In the matter of H. P. Mollere, bankrupt. To review an order giving preference to a landlord's lien in favor of J. P. Carter, the Bank of Hattiesburg appeals and petitions to revise said order. Appeal dismissed, and petition to revise denied.

James N. Flowers and Ellis B. Cooper, both of Jackson, Miss., for petitioner and appellant.

Nathan C. Hill and Claude E. Hill, both of Hattiesburg, Miss., for respondent and appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. The case shows that in the bankruptcy of H. P. Mollere, pending in the District Court of the United States for the Southern District of Mississippi, the Bank of Hattiesburg proved its claim for $2,380, with interest, secured by a deed of trust covering certain movables, which proof of debt by preference was duly allowed. Thereafter J. P. Carter, as landlord of a certain building rented to the bankrupt, probated his claim of $800 on the same movables, claiming a lien thereon under the laws of the state of Mississippi. Section 2851, Code Miss. 1906.

The property in contest was duly sold by the trustee, and the proceeds, amounting to $675, not enough to pay either claimant, was held to await the disposition of the court. At the time of proving his claim said Carter filed a petition in the bankruptcy court, asserting his lien as prior to all other claims, and attacking the allowance of the claim of the Hattiesburg Bank as a valid lien on the movables in question, and praying that the deed of trust in favor of the bank should be disallowed, and the proceeds of the movables sold be adjudged liable to his lien for rentals.

No specific parties were made, but the matter was taken up by the referee as a contest for priority between Carter and the bank, and after hearing evidence the referee reported in favor of the Bank of Hattiesburg. On review before the District Court, the finding in favor of the Bank of Hattiesburg was reversed, and preference was decreed in favor of Carter. Neither before the referee nor the trial judge was the trustee made a party or considered as having any interest. In this court the trustee is ignored.

As the distribution of the funds coming into the hands of the trustee is necessarily a regular step in the proceedings, our jurisdiction to review must be found either in section 24b or section 25 of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 553). As the judgment of the bankruptcy court complained of was in no proper sense an allowance or rejection of any claim over $500, section 25 does not authorize an appeal, and our jurisdiction can only be found under section 24b, and is confined to matters of law arising on the facts as found by the lower court or otherwise indisputably shown in the record before us.

The trial judge found and adjudged as follows:

"H. P. Mollere, Bankrupt. No. 225. In Bankruptcy.

"As between the claim of the landlord for rent due by the bankrupt, as constituting a lien upon the assets situated upon the premises of higher rank than that of the creditor having a mortgage upon the same property, the referee held that the lien of the mortgagee was superior to that of the landlord, and from this holding the landlord appeals to this court. The landlord bases his claim for rent upon section 2851, Mississippi Code of 1906, providing: 'That no goods or chattels, lying or being in or upon any messuage, lands or tenements, leased or rented for life, years, at will or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well as the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditors shall pay the landlord the money value of such things.'

"The language of the statute just cited clearly defines the rights of the landlord as to his rent for one year as superior and paramount to any and every claim against the assets upon the premises. The Mississippi cases construing this section of the Code, or one identical, re-enacted and now in force, are cited by opposing counsel as establishing their respective contention, and it is argued by the mortgagee herein that the case of Marye v. Dyche,

42 Miss. 347, is decisive, in which it is held that 'this provision of the statute does not affect the tenant's conveyance by mortgage in good faith and for a valuable consideration of the property on the demised premises, or where there is a special lien thereon created by contract prior, to the levy of the attachment'; that this holding has been affirmed in the following cases: Stamps v. Gilman, 43 Miss. 456; Fitzgerald v. Fowlkes, 60 Miss. 270; Henry v. Davis, 60 Miss. 212; Newman v. Bank, 66 Miss. 323, 5 South. 753; Richardson v. McLaurin, 69 Miss. 71, 12 South. 264; that in the instant case the conveyance by the bankrupt was prior to the attachment, and the question at issue decided by Richardson v. McLaurin, supra. The landlord in turn cites these cases as supporting his contention, in that a landlord cannot be deprived of his rent without the conveyance has all the elements of good faith and a valuable consideration.

"The record in this case discloses that the indebtedness of the bankrupt was an old one, long past due and owing several months prior to the deed of trust executed to the mortgagee, making the consideration a past-due indebtedness, as no new funds or money was advanced and the consideration of that certain 'bill of sale' (not recorded) executed in August, 1913, need not be considered, because the court is of opinion that the landlord from the testimony and proof herein, is fully protected by section 2851, Miss. Code 1906, supra, and his claim fortified by the Mississippi cases cited. Further, the application of the provisions of the Bankrupt Act of 1898, as amended, to the issue arising herein, that liens must be given for present consideration, to be of effect, in the judgment of the court, would operate in favor of the landlord. Bankrupt Act 1898, sec. 67(d), as amended by Act June 25, 1910, c. 412, § 12, 36 Stat. 842 (Comp. St. 1913, § 9651).

"In view of the foregoing, the holding of the referee is an erroneous one, and a decree should enter recognizing the claim of the landlord as superior to that of the mortgagee."

On the facts found by the District Judge we concur in his ruling and find no error of law to revise.

The appeal in No. 2887 is dismissed, and the petition to revise (No. 2829) is denied.