### In re DELANEY.

#### (District Court, E. D. Pennsylvania. June 5, 1918.)

#### No. 6125.

BANKRUPTCY ☞191(1)—LIEN FOR RENT—PENNSYLVANIA STATUTE—"EQUITABLE EXECUTION."

Under Purdon's Dig. Pa. (13th Ed.) p. 2186, giving landlord lien for rent due on property on premises when taken in execution, bankruptcy of the tenant operates as an equitable execution, and the landlord is entitled to payment from the proceeds of the property.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Equitable Execution.]

In Bankruptcy. In the matter of Catherine A. Delaney, bankrupt. On review of decision of referee. Confirmed.

Edwin Fischer and Alfred Aarons, both of Philadelphia, Pa., for petitioner.

Joseph Hill Brinton, of Philadelphia, Pa., for landlord.

DICKINSON, District Judge. The question involved in this petition for review may be stated in any one of several ways. In its practical form it is whether a landlord, who had, at the time the petition in bankruptcy was filed, a right, or the lawful power, to distrain upon goods and chattels upon premises demised to the alleged bankrupt, is entitled to priority of payment of the rent in arrear (up to the limit of one year's rent) out of the proceeds of the sale of such goods and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chattels by virtue of the provisions of the Pennsylvania statutes (Purdon's Dig. Pa. [13th Ed.] p. 2186) and section 64, clause "b," subdivision 5, of the Bankruptcy Act (Act Cong. July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1916, § 9648]). Inasmuch as a lien, as distinguished from the power to acquire a lien by and through a levy, is given "by the laws of the state" only (so far as affects the instant case) in cases of executions, the real question is whether a proceeding in bankruptcy is in legal intendment and effect an execution, or, as the accepted phrase is, whether it is an "equitable execution."

The referee allowed the claim. This he properly did, because, in doing so, he followed the accepted interpretation of the adjudged cases discussed by the referee, among which are In re Hoover (D. C.) 113 Fed. 136, and Longstreth v. Pennock, 87 U. S. (20 Wall.) 575, 22 L. Ed. 451. The Hoover Case is in itself decisive of the question, because it is authority for the proposition that a bankruptcy proceeding is in its essence, although not in form, an execution, and, if an execution, the state laws give the landlord a claim upon the proceeds of sale in lieu of the lien which he might have acquired by distraint, had the execution not intervened. The wisdom of the policy of the law in allowing this substitution invites us to construe the act in a liberal spirit.

It is true that the Hoover Case under its facts presented the feature of a lien acquired by an actual levy under a warrant of distraint; but it is to be observed that the ruling is not put upon this ground, but upon the effect of the Pennsylvania statute, which gave a lien in cases of executions, and the finding that the bankruptcy proceeding was execution process within the meaning of that statute. As the statute allows to the landlord his rent claim, because of his right to have levied, whether he had distrained or not, the fact of actual distraint becomes unimportant. This is the view which has been uniformly taken both by the courts of the United States and by courts of the state, and the referee did not feel at liberty to oppose this strong current of authority. We feel under a like control.

It is also true that the reasoning upon which the claim of the landlord was allowed in Longstreth v. Pennock proceeded upon the proposition that the local state law was controlling, and as it there seems to have been conceded that the state law gave the lien, the question of what the state law was may not have received consideration. We have nevertheless each and both propositions ruled, and the question of the landlord's right has since been considered set at rest. Counsel for the petitioner here is nevertheless justified in urging that the only ruling in the Hoover Case was that a landlord who had made an actual distraint could successfully assert the rights of a lien creditor, and that under the Longstreth Case, if the law of Pennsylvania gave the landlord no such rights, he had none. This view has been presented with clearness and force.

The first proposition upon which the argument proceeds, that the power to acquire a lien through and by a levy does not confer a lien until levy is made, and that a lien given in the case of an execution is not otherwise given, is sound enough, and is confirmed by the

case of Grayson v. Aiman, 252 Pa. 461, 97 Atl. 695, upon which petitioner relies. That was the case of a chancery receivership. The proceeding was held to be neither an execution nor an assignment for the benefit of creditors, and that there no lien was given the landlord by the laws of Pennsylvania. The inference, however, is not justified that, because the placing of the property of a corporation in the hands of a caretaker (which a receiver is) is not subjecting the property to execution process, bankruptcy proceedings are not the equivalent of an execution, so as to confer upon the landlord the same right of lien. Petitioner is met by the ruling in the Hoover Case to the contrary, and this ruling we must follow. It may also be that, had the Grayson Case been ruled before the Longstreth Case, the court in the latter case would have found the law of Pennsylvania to have been different from what it was found to be. Here again, however, the petitioner is met by the fact that the court did find that the law of Pennsylvania gave the landlord a lien which the courts of the United States would recognize in bankruptcy cases. This ruling we cannot ignore or change. The further fact that the courts both of the United States and of the state have interpreted these rulings as giving a claim to the landlord makes our duty clear.

The findings of the referee are approved, the order made confirmed, and the petition for a review dismissed.