## In re S. & H. KATZ.

(District Court, S. D. Mississippi, S. D. June 12, 1925.)

Bankruptcy ⟨⟝350—Rent to accrue after bankruptcy held not "fixed liability absolutely owing" at time of adjudication, and not provable as preferred claim.

Hemingway's Code Miss. § 2349 prohibiting removal of goods from leased premises under any process without payment of unpaid rent not exceeding one year, does not make rent to accrue subsequent to bankruptcy a "fixed liability absolutely owing" at time of adjudication, provable as preferred claim under Bankruptcy Act, § 64b (5) being Comp. St. § 9648.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Fixed Liability.]

In Bankruptcy. In the matter of S. & H. Katz, bankrupts. On petition to review order of referee allowing claim of A. Polk as preferred claim. Reversed, and claim disallowed.

S. E. Travis, of Hattiesburg, Miss., for landlord.

Hannah & Simrall, of Hattiesburg, Miss., for trustee.

HOLMES, District Judge. When S. & H. Katz, merchants, doing business in Hattiesburg, Miss., were adjudicated bankrupts on January 17, 1925, they were occupying a certain store building in that city under a written lease running from September 1, 1920, to August 31, 1925, at a rental of $250 per month, payable monthly in advance, and were in default for about two months' rent. The trustee in bankruptcy occupied the premises until the sale of the assets on the 27th day of February. No contest is made by the trustee as to rent which had accrued at the date of adjudication, or during the period of his occupancy, which latter period is chargeable as a part of the administration of the estate. But the landlord has filed a claim for the last six months which the lease was to run after bankruptcy, and after the trustee had sold the assets and ceased to occupy the building, to wit, from March 1st. to August 31, 1925, insisting that he had a lien on the stock of goods sold by the trustee for rent to accrue, and that he is entitled to priority of payment under the laws of Mississippi (section 2349 Hemingway's Code), and therefore, under section 64b (5) of the Bankruptcy Act (Comp. St. § 9648).

Counsel for the landlord in their brief say: "The sole controverted question, therefore, presented to the court for solution, is the right of the landlord to have 'rent to accrue' paid out of the stock of goods on the leased premises, or the proceeds thereof, under the Mississippi statutes." The referee allowed the claim with priority of payment for the full unexpired term of the lease, holding that section 2349 of Hemingway's Code made the landlord's claim definite and certain, and provable in bankruptcy. This section is as follows:

"Goods Not to be Removed until Rent Paid. That no goods or chattels, lying or being in or upon any messuage, lands or tenaments, leased or rented for life, years, at will, or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things."

This ruling of the referee is in conflict with Atkins v. Wilcox (5th Circuit) 105 F. 595, 44 C. C. A. 626, 53 L. R. A. 118, and a decision of District Judge Niles, of Mississippi, rendered in 1911 (Matter of Cress-McCormick Co., 25 Am. Bankr. Rep. 464). In the latter case the above statute, then section 2851 of Mississippi Code of 1906, was fully considered. In Atkins v. Wilcox, supra, it is said that "rent to accrue in the future, if it can be called a debt, is a contingent one, both as to its amount and as to its very existence, and there is no provision in the act of 1898 (Comp. St. §§ 9585–9656) which allows proof of such debts."

In volume 2, p. 1422, of Collier on Bankruptcy (13th Edition) it is said of rent to accrue: "The law of 1867 contained a clause which limited the proof of 'rent or any other debt falling due at fixed and stated periods' to the moment of bankruptcy. Under it, it was held that rent to accrue was not provable. Though there is no such clause in the present law, the great weight of authority is that rent to accrue is not even a contingent claim, and is, therefore, not capable of proof.

The reasons given are various, but that asserting that the adjudication amounts to a breach of the lease may be doubted. The only 'fixed liability' under the lease is the rent due at the time of filing the petition. Rent to accrue is not a fixed liability absolutely owing, but is a mere possible future demand contingent upon uncertain events, and there may be a change in the relation of the parties by consent or breach at any time."

But it is said (and the referee so held) that the landlord has an equitable lien for rent upon the stock of goods under the above Mississippi statute, and that the Bankruptcy Law recognizes this lien. Federal decisions, construing a Pennsylvania statute very similar to that of Mississippi, are relied upon to support the landlord's lien claim as follows: Longstreth v. Pennock, 87 U. S. (20 Wall.) 575, 22 L. Ed. 452; In re Hoover (D. C.) 113 F. 136; In re Delaney (D. C.) 251 F. 425, 426. In each of the three cases cited, however, the claim was for rent in arrears, and not for rent to accrue, and in one of them (In re Hoover) an actual distress had been made prior to bankruptcy.

Section 2349 of Hemingway's Code does not make rent to accrue subsequent to bankruptcy a fixed liability absolutely owing at the time of adjudication, and such a claim for rent is not provable against a bankrupt estate. As stated by Judge Reed (In re Abrams [D. C.] 200 F. 1009): "If a claim is not so provable, it is not easy to understand how there can be a lien upon the bankrupt estate to secure something that was not provable against such estate." See, also, Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719.

It follows, from these views, that the decision of the referee should be reversed, and the claim for rent to accrue after bankruptcy disallowed.