320

## In re MAYERS.

District Court, D. New Jersey.
Nov. 2, 1931.

Forman & Levy, of Trenton, N. J., for Samuel Teitz and Myer Caplan.

William J. Connor, of Trenton, N. J., for sundry creditors.

AVIS, District Judge.

Charles Mayers, the bankrupt, prior to bankruptcy, occupied premises belonging to Samuel Teitz and Myer Caplan. It appears that he was delinquent in the payment of his rent, some time before the bankruptcy proceeding, to the amount of $1,400, and the landlords, believing that their opportunity to collect the same was more promising if they had some one else in the transaction, induced Mayers to give a promissory note to one Benny Teich for that, or some less, amount, upon an agreement that Mayers pay to Teich the sum of $100 monthly, on account thereof. It does not appear that Mayers knew of the fact that the note was given for the benefit of Teitz and Caplan, but believed that the debt was due and owing to ·Teich. Because of the giving of these promissory notes, and the fact that Mayers did not understand that the note was given to secure rents·(although it is quite clear that Teich had no interest in the amount secured thereby, except as agent for Teitz and Caplan), the attorney for the unsecured creditors claims that the lien of the landlords for the rent alleged to be due and unpaid had ceased to exist, and that the amount of $703, claimed to be due, should be allowed only as a general claim.

This was the decision of the referee.

The note given for the benefit of the landlords secured money actually belonging to them, and the weight of authority is that they could maintain an action on it without indorsement or assignment by payee named therein.

If this is so, the fact that the note was given does not destroy the landlords' lien, or their remedies for the recovery of the claim.

"If a note taken for rent is not paid at maturity the landlord is entitled to all his remedies for the security or collection of his claim, in the same manner as if the note had never been given." In re Bowne, 3 Fed. Cas. No. 1741, page 1086.

The above quotation is the syllabus of a case decided by Judge Nixon in this district, and I have been unable to find any case holding to the contrary.

In the same case it is held that the lien of the landlord, after bankruptcy, attaches to the proceeds of the sale of goods upon which the landlord might have originally levied a distress.

The same legal doctrine is sustained in the Circuit Court of Appeals, Third Circuit, in the following cases: In re Hoover (D. C.) 113 F. 136; Rosenblum v. Uber (C. C. A.) 256 F. 584.

To the extent that the claim of $703 is for rent of premises occupied by bankrupt for the period of not exceeding one year prior to bankruptcy, it is a prior lien upon the amount received by the trustee from the sale of personalty which would have been subject to distress if the bankruptcy had not intervened.

Order will be made accordingly.