## In re WALL.

### PATTERSON v. BROACH.
### No. 1312.

District Court, E. D. Mississippi, S. D.
July 25, 1932.

574

Richardson & Sandford, of Philadelphia, Miss., and George B. Neville, of Meridian, Miss., for petitioner.

J. O. Sams, of Meridian, Miss., for trustee.

E. L. Trenholm, of Jackson, Miss., amicus curiæ.

HOLMES, District Judge.

The referee denied priority of payment to petitioner's claim for about three months' rent due by the bankrupt which accrued im-mediately preceding the filing of the petition, but the same was allowed as an unsecured claim. The ruling of the referee reverses the practice in this state, since the adoption of the present Bankruptcy Act in 1898 (11 USCA), which has been to give priority to rent claims of this character, under a law enacted by the Legislature of the state of Mississippi, known as chapter 52, Laws 1894, which has been a part of every Code of the state since that time, as in substance it had been a part of every Code from Poindexter's to that of 1880, inclusive. Why it was omitted from the Code of 1892 is not known, but it now appears as section 2175 of the Mississippi Code of 1930. That section is as follows:

"2175. *Goods Not to be Removed Until Rent Paid.*—No goods or chattels, lying or being in or upon any messuage, lands or tenements, leased or rented for life, years, at will, or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof, all the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent; and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things."

It is under the section just quoted and that part of section 64b of the Bankruptcy Act of 1898, as amended in 1926, which provides for priority of payment of certain debts, that the petitioner seeks a review of the order made by the referee. Collier on Bankruptcy, 1932 Supplement, page 423; USCA, title 11, § 104. After providing, in paragraph a, that the court shall order the trustee to pay all taxes legally due and owing by the bankrupt, "in the order of priority as set forth in paragraph (b) hereof," said section 64, in paragraph b, enumerates seven classes of debts to have priority, "and to be paid in full out of bankrupt estates." The order of payment is given with great care. The last in order to be paid in full in advance of

payment of dividends to general creditors is that to which petitioner claims to belong and, in exact words, includes "(7) debts owing to any person who by the laws of the States or the United States is entitled to priority." 11 USCA § 104(b)(7).

The amount of rent due and other essential facts are not in dispute. There is a stipulation that J. H. Wall leased from A. J. Patterson, at a rental of $75 per month, a certain building in the town of Philadelphia, Miss., where Wall was engaged in business as a merchant; that, at the time the petition was filed, as well as upon the date of adjudication, there were in the store certain fixtures and a stock of merchandise belonging to the bankrupt; that the trustee in bankruptcy took possession of all of said property, and, under authority of the bankruptcy court, sold the same for more than enough to pay all taxes, the costs of administration, and other debts entitled to priority, including that owing to the landlord, if allowed as a prior claim; and that there was no warrant of distress issued for the rent or levy made upon any of said property at the instance of the petitioner.

It is conceded that in Mississippi the landlord has no lien for rent upon his tenant's goods, other than agricultural products, until a distress is levied. It may be further conceded that no right of priority of payment could be claimed out of the proceeds of sale of the general assets of the bankrupt but only of those removed from the leased premises. The priority asserted is confined within the narrow limits of the facts stated, that is, when the trustee, succeeding to the title of the bankrupt and in addition exercising all the rights and remedies of a judgment creditor, removed or caused to be removed from the leased premises the goods and chattels of the tenant, without paying or tendering to the landlord the amount due him for rent for not exceeding one year, he became obligated under said section 64b(7) to pay the rent out of the proceeds of the property sold because it was a debt which, as to the property so removed, was entitled to priority of payment under the laws of the state. The decision of the referee to the contrary was based upon the recent case of Williams v. Noble (C. C. A. 5, 1932) 55 F. (2d) 658. The same question is presented in other cases pending before the referee, and before me on petition to review, and such claims are constantly recurring in the administration of bankrupt estates. The importance of the issue, the opinion of an able referee, and the insistence of counsel

seem to require more than a cursory disposition of the subject. We shall examine the question as briefly as feasible on reason, on authority, and in the light of the recent ruling of our own circuit which controlled the decision of the referee.

We have seen that the bankruptcy law expressly mentions debts owing to any person who by the laws of the state is entitled to priority. It further directs such debts to be paid in full and arranges the specific order of payment with reference to other claims. If then we bear in mind that the trustee in bankruptcy is not a bona fide purchaser for value, but takes the title of the bankrupt subject to all existing liens and equities (except that he is deemed vested with the rights and remedies of certain creditors), it would seem to be a reasonable inference that the trustee of the tenant in bankruptcy, with reference to goods and chattels upon the leased premises, is bound as the tenant was bound, unless, as an execution creditor or by some other process, the burdens have been removed under which the tenant held the property. The tenant's occupancy was subject to the inchoate right of the landlord to fix a lien upon it for the rent. This right could only be defeated by a transfer to a bona fide purchaser, which the trustee is not, or by the property being taken by writ of execution or other process. No statutory protection has been granted against a bona fide purchaser, but, by the section above quoted, the Mississippi law aims to protect the landlord in the payment of his rent by providing that the property shall not "be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender" all the unpaid rent for a period not exceeding one year. We are not concerned with whether the trustee might have sold the property on the premises subject to the rent, for such was not the fact. His taking possession of the property under the bankruptcy law cut off the right of the landlord to levy upon it from the filing of the petition, which was an attachment and caveat to all the world; but it did not relieve him from paying the rent because, under the Mississippi law, a creditor taking the property by "writ of execution or other process" would have had to pay it, and, under the Bankruptcy Act, it was a debt owing to a person who by the laws of the state in the circumstances was entitled to priority of payment. The highest right which a trustee in bankruptcy may oppose to the landlord's

claim of priority is that of a judgment creditor; by the explicit language of the statute, such a creditor cannot remove his debtor's property from the leased premises without paying the rent. In the absence of a legal lien, the bankruptcy court will raise an equitable lien to the extent necessary to prevent an injustice.

The authorities both state and federal sustain this view. The earliest state decision after the act of 1894 construing the Mississippi statute is Rice v. Harris (1898) 76 Miss. 422, 24 So. 880. It was therein held that an assignment by the lessee for the benefit of creditors, which cut off the lessor's right to distrain for rent, did not destroy the latter's right, where goods of the lessee were removed by the assignee from the demised premises, and sold by decree of the chancery court, but that the lessor was entitled to demand from the assignee payment of his rent from the proceeds of the sale. The court said that the right to seize the goods was not available at law on account of the assignment, but, for that reason, it was a good foundation for a claim in the chancery court where the assigned goods were being administered.

To the same effect is Epstein v. Farr (1916) 112 Miss. 530, 73 So. 572. In this case the lessor of a store, to whom was owing two months' rent at the date of the death of an insolvent tenant, was given a preferred status, and the administratrix was required to pay the rent in full out of the proceeds of a sale of decedent's stock of goods, in the storehouse of the lessor, which had been sold under an order of the chancery court in the course of administration upon the estate.

In Brunswick-Balke-Collender Co. v. Murphy (1906) 89 Miss. 264, 42 So. 288, the court held that the statute did not subject the property of third persons on the leased premises to liability for rent, and that a mortgagee was not required to pay such rent before being awarded in a replevin suit possession of the property. See, also, Shuler v. Grunewald Co., Ltd. (1917) 113 Miss. 763, 74 So. 659, where, after seizure and sale for rent in arrear, under legal proceedings by the landlord regular in all respects, it was held that the real or beneficial owner of the property, found on the leased premises, might recover it from the purchaser in an independent action of replevin.

In White v. Miazza-Woods Construction Co. (1920) 122 Miss. 213, 84 So. 181, a bona fide purchaser for value of office furniture on the leased premises successfully maintained replevin against the landlord for possession of the same, although the tenant who sold the furniture was in arrear for rent due the landlord. The court held that the section did not give a lien for the rent, but only meant that property belonging to the tenant should not be taken by virtue of any writ of execution or other process, unless the rent was paid.

In Engleburg v. Tonkel (1925) 140 Miss. 513, 106 So. 447, nothing was decided that is not conceded by the landlord in this case, viz. that he has no lien and that the statute in question gave him only the right to payment of his rent before the goods on the leased premises could be taken by execution or other process. The case was an ill-advised one in the chancery court on a purely legal demand. The landlord claimed a lien under section 2851, Code 1906 (section 2175, Miss. Code 1930), upon the tenant's goods for unpaid rent, and prayed that a receiver be appointed, the lien declared, and the property sold to satisfy the rental demand. In the alternative, a deficiency decree and general relief were asked. A demurrer to the bill was overruled, which the appellate tribunal indicated should have been sustained, but the decree was affirmed, under section 147 of the Mississippi Constitution, because the bill stated a legal cause of action for the rent, and, under the state Constitution, the decision could not be reversed, "notwithstanding there was no equity on the face of the bill."

In Durant Motor Co. v. Simpson (1931) 160 Miss. 313, 133 So. 672, 673, which was a proceeding by a landlord against a tenant for rent in arrear, wherein an automobile had been seized under a distraint for rent, within thirty days after its removal from the leased premises, the plaintiff was given a judgment because of sections 2200 and 3352, Code of 1930, the latter known as the Mississippi sign statute. Of the former the court said that the property remained "subject to the landlord's lien for the unpaid rent for thirty days after the removal," unless "sold in good faith for a valuable consideration before seizure made." Whether the landlord had a lien before seizure was not material, and it is plain that the reference by the Chief Justice to "the landlord's lien" was a mere inadvertence of diction. What he intended to say, evidently, was that the landlord's right to fix a lien, by seizure for the rent, continued to exist inchoate for a period of thirty days after removal of the property from the leased premises. The

case is not in point upon the question we are considering, as section 2175 was not involved.

It being clear that the right of the landlord, under the statute, to have the rent paid out of the proceeds of sale of goods of the tenant, seized on the leased premises under writ of execution or other process, is preserved inviolate both at law and in equity under the state decisions, if we turn to the federal authorities, we shall find "throughout the judicial history of bankruptcy statutes, that a bankruptcy proceeding has been variously termed 'a statutory execution,' 'an equitable execution,' 'the equivalent of an execution,' 'in effect an attachment and injunction,' and has been uniformly regarded, in essence, though not in form, an execution which draws to itself for enforcement, by reason of section 64b, cl. 5 [now clause 7], of the Bankruptcy Act [11 USCA § 104 (b) (7)], such priorities as are accorded landlords in the distribution of proceeds of execution sales by the law of the state in which the bankruptcy proceeding is being carried on." The quotation is from Rosenblum v. Uber (C. C. A. 3, 1919) 256 F. 584, 594, wherein it was held, under a Pennsylvania statute practically identical in effect with ours, that under the Bankruptcy Act the landlord was entitled to priority of payment of rent in arrear, not exceeding one year, out of the proceeds of the sale of such goods by the trustee in bankruptcy. The Mississippi statute is broader than Pennsylvania's, as it uses the words "or other process whatever" in addition to the words "taken by virtue of any writ of execution."

In Bank of Hattiesburg v. Carter (C. C. A. 5, 1916) 232 F. 127, 36 A. B. R. 749, our Court of Appeals gave effect to the identical Mississippi statute which we are considering, and permitted a landlord's claim for rent out of the proceeds of property found on the demised premises, which had been sold by the trustee in bankruptcy, to be accorded priority and to prevail over a mortgagee whose lien was not given for a present consideration. The case is noted for whatever it may be worth. It is not a factor in my decision, because the trustee was not made a party before the referee or the trial judge, and in the Court of Appeals his interests were ignored. However, the next case cited is free from criticism, has not been distinguished, and I think should settle the case at bar.

In Longstreth v. Pennock (1874) 87 U. S. (20 Wall.) 575, 577, 22 L. Ed. 451, the Supreme Court, under a former bankruptcy act, held that the Pennsylvania statute above mentioned entitled the landlord to be paid out of the proceeds of goods taken and sold by the assignee in bankruptcy. The court held that the assignee acquired his title to the movable property found on the demised premises, subject to the rights of all other persons (citing Gibson v. Warden [1871] 14 Wall. 244–248, 20 L. Ed. 797); that the property upon the premises was more than sufficient to satisfy the demand; that, before commencement of the bankruptcy proceedings, the landlord might have distrained; that the statute of Pennsylvania provided that, where property in such circumstances was seized and sold under execution, the rent due for a period not exceeding one year should be paid first out of the proceeds of the sale; that the landlord's claim was within the equity of that statute; and that the question presented was one belonging to the local law of Pennsylvania. It is quite useless to analyze other decisions. Cases like In re Hoover (D. C. 1902) 113 F. 136, are not in point, because the landlord had distrained before bankruptcy, but the following are, and uphold the priority of the landlord as to accrued rent: In re Potee Brick Co. (D. C. 1910) 179 F. 525, 529; In re Federal Biscuit Co. (C. C. A. 1914) 218 F. 753; In re Spies-Alper Co. (D. C. 1916) 231 F. 535, 36 A. B. R. 470; In re Braus (D. C. 1916) 233 F. 835; In re Delaney (D. C. 1918) 251 F. 425; Bennett's Estate v. Sproul (C. C. A. 1930) 42 F.(2d) 33.

This chronicle of the statute and the decisions throwing light upon it brings us to the recent case of Williams v. Noble, supra, which caused the referee to change from his former rulings. G. T. Bufkin, having leased a store for one year from January 1, 1931, was adjudged a bankrupt in March of that year. The rent was paid up to the date of sale in April of the assets of the bankrupt's estate. The landlord's claim for rent which had not accrued was disallowed by the District Court under the authority of In re Katz (D. C.) 6 F.(2d) 581, which followed Atkins v. Wilcox (C. C. A. 5, 1900) 105 F. 595, 53 L. R. A. 118, 5 A. B. R. 313, cited in Maynard v. Elliott (1931) 283 U. S. 273, 278, 51 S. Ct. 390, 75 L. Ed. 1028. He appealed, claiming a lien under section 2175 of the Mississippi Code of 1930. The order appealed from was affirmed on the sole ground that the statute gave him no lien. The appellant claimed a lien to secure future rent, accruing subsequent to bankruptcy, not an equity for payment, out of certain proceeds, of rent that had accrued prior to bankruptcy; neither did the trustee claim the unexpired portion of the lease as an asset of the estate, as stated

578

in Watson v. Merrill (C. C. A. 1905) 136 F. 359, 69 L. R. A. 719, and Rosenblum v. Uber, supra, he had the option to do.

The four Mississippi cases cited by the Court of Appeals have been abstracted above, and, while it appears from them that the landlord has no lien before seizure, it also appears from the two earlier ones that, where his right to distrain is defeated by execution, he has an equitable claim upon the goods. Only one federal case is cited. It turned on the statutes of Illinois, and is Morgan v. Campbell (1874) 22 Wall. 381, 22 L. Ed. 796, wherein it was held that title to the personal property of the tenant vested in the assignee in bankruptcy to the exclusion of the landlord's right to levy on it, but in that case there was no provision of the Illinois law similar to section 2175 of the Mississippi Code, or to the Pennsylvania statute construed in Longstreth v. Pennock, supra, wherein the court said: "This case is within the equity of that statute. The question presented is one belonging to the local law of Pennsylvania." That, as just stated, the question is one of local law is sharply illustrated in two cases (one by Judge Morris and the other by Judge Rose) from the United States District Court of Maryland, wherein it was held that, since the landlord was not entitled to priority under the state law, he was not entitled to it under the bankruptcy law; and that "the Maryland law is what the Court of Appeals of Maryland has declared it to be." In re Southern Co. (D. C.) 180 F. 838, 839; In re Chaudron & Peyton (D. C.) 180 F. 841. The Court of Appeals of Maryland held contrary to the ruling of the Supreme Court of Mississippi in Rice v. Harris and Epstein v. Farr, and consequently the ruling by the District Court of Maryland was contrary to what the ruling should be by the District Court of Mississippi.

In Williams v. Noble the landlord based his claim upon a legal lien under the Mississippi Code, section 2175. He cited cases from this circuit, involving Texas and Louisiana statutes, where there are legal liens given the landlord on movable property of the tenant, and wherein the court held that, where the state law gives "a lien for the unexpired term of the lease, or any part of it, the claim for rent for that period may be proved in bankruptcy and enforced against the proceeds of the property subject to the lien, even though the debt may not be provable against the general estate." Lontos v. Coppard (C. C. A.) 246 F. 803, 805, 22 A. L. R. 1308;

Martin v. Orgain, 174 F. 772, 98 C. C. A. 246, certiorari denied 216 U. S. 619, 30 S. Ct. 574, 54 L. Ed. 640; Fudickar v. Glenn (C. C. A.) 237 F. 808.

Because in Mississippi the landlord has no statutory or common-law lien upon personal property of the tenant in advance of seizure for the rent, accrued or to accrue, and because in Williams v. Noble, as in Re Katz, he either had no equity or failed to urge any upon the court, which entitled him to payment of rent to accrue in the future, the holding of the referee would deny the landlord priority of payment for rent accrued at the time of bankruptcy. The confusion is brought about by an indiscriminate use of the generic word "lien," when a nice application of the law to factual conditions calls for a particular characterization of the specific term. There are legal, equitable, and maritime liens, with various subdivisions, each with its body of applicable principles. For the purpose of effectuating justice a court of equity will often raise a lien not given by law or contract. It is neither a jus in re nor a jus ad rem. It more properly constitutes a charge upon the thing. Generally it arises from a constructive trust. It is for this reason that accrued rent, when protected by a statute, such as section 2175 of the Mississippi Code of 1930, is the foundation of a valid claim in equity, even though no legal lien is given the landlord before distraint. It is because of the absence not only of a legal but of an equitable lien, in claims based on rents to accrue, that the landlord is denied priority in cases like Williams v. Noble and In re Katz. In such class of cases it is not necessary to raise an equitable lien to prevent an injustice. Complete justice is ordinarily done when the landlord is granted priority for accrued rent, and the demised premises are released to him for the unexpired portion of the term. We are now not concerned with instances, if any should arise, where equity might find it necessary, in order to prevent an injustice resulting from a violation of section 2175, to create a lien to secure the landlord in the payment of rent to accrue. It is sufficient in this case to hold that the chancery court in Mississippi has created an equitable lien to protect the landlord as to accrued rent, where otherwise there would be a violation of section 2175, and that this court should recognize and enforce the same.

An order may be entered reversing the decision of the referee and referring the matter to him again for further proceedings not inconsistent with this opinion.